(No. 22297.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES KRAUSHAAR, Plaintiff in Error.

*Opinion filed June 15, 1934—Rehearing denied October 3, 1934.*

EDWARD PREE, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

By writ of error to the criminal court of Cook county the plaintiff in error, Charles Kraushaar, seeks to reverse a judgment on the verdict of a jury finding him guilty of burglary and larceny.

Only two points are made and argued by the brief of plaintiff in error (hereafter called defendant). The first charges error in the refusal of the trial judge to grant a change of venue based upon the Venue act. (Smith's Stat. 1931, chap. 146, secs. 18 *et seq.*) Defendant has failed to preserve this point for review in this court. The abstract does not set forth the substance of the petition for a change of venue. All that the abstract shows is "petition for change of venue," followed by a colloquy between the trial judge and counsel for defendant over the question of venue. This is not sufficient.

The second point concerns the alleged extensive questioning of witnesses for defendant by the trial judge and his use of language in respect to their answers. Defendant contends that the questions asked by the trial judge and his general conduct of the trial were sufficient to prejudice defendant in the minds of the jurors to such an extent that their verdict was not based upon the evidence. In order to take advantage of such alleged errors defendant must interpose objections thereto during the course of the trial. (*Lipsey* v. *People,* 227 Ill. 364.) Defendant did this in only one instance. He was endeavoring, while on the stand, to testify as to the marital state of his children. The court halted this line of questioning, upon which defendant took exception to the action of the court. The court acted properly in confining the testimony of defendant to matters pertinent to the issue. The law imposes upon the trial judge the duty of confining the testimony to matters relevant to the issues.

While defendant was testifying the court called a recess and the jury was taken from the court room. The

court thereupon inquired as to the amount of the bond under which defendant was at liberty. Finding that the bond was only $5000, the court at once raised the same to $20,000 and ordered defendant into custody of the officers. Counsel for defendant objected to the raising of the bail and the taking of defendant into custody during the course of the trial and while he was on the stand. This objection was overruled. Defendant was then taken into chambers and searched, after which he resumed the stand. Counsel for defendant then moved the court to discharge the jury on the ground that "while the jury was in the jury box and the defendant was sitting in the witness box testifying, or having just testified, during a recess that had been ordered by the court, the sheriff or the bailiff, or some officer of the court, took this defendant by force of arms * * * and dragged him into that room." During the making of this motion the trial judge and the counsel for defendant got into an altercation over whether the jury was present when the acts complained of took place. The court overruled the motion and put one of the bailiffs on the stand to determine what, if anything, had been done to defendant. Counsel for defendant and the trial judge again got into an altercation about swearing this witness. The witness in the meantime had volunteered the information that the bailiff had asked defendant to step down and that he had not taken him by the arms. Again the discharge of the jury was moved, the motion was again overruled and defendant again excepted. Defendant was then allowed to state what had been done to him. He related that he had been taken from the court room in the presence of the jury and placed in another room and searched for a gun. He said the door was open. The trial judge finally instructed defendant's counsel to interrogate the jurors to learn if what they saw and heard of the forfeiture proceedings had any influence upon them. The jury was then brought into the court room and counsel asked if any of

466

the jurors had seen the bailiff take defendant out of the room. One juror said that he did but did not know why they took him out. Not one of them said he saw any evidence of roughness in the conduct of the bailiff. The court then twice instructed the jurors to form no opinion as to what they had seen, if anything, as it had nothing to do with the lawsuit.

From this record of an erratic way of carrying out a simple procedure in court we are called upon to determine if such actions in anywise influenced the jurors in returning their verdict of guilty. In deciding this point we rely largely upon the fact that not one of the jurors stated that he was influenced by the proceeding. It is clear that they were not present in the court room when defendant was placed in custody after his bail had been raised. Defendant has thus failed to show how he was prejudiced by the actions complained of.

No question is raised as to the guilt of the defendant or as to any instructions given or refused.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*