People of The State of Illinois, Plaintiffs-Appellees, v. Ronald G. Stringfield, Defendant-Appellant.
City of Chicago, Plaintiff-Appellee, v. Ronald G. Stringfield, Defendant-Appellant.

**Gen. No. 48,686.**

First District, Third Division.

October 3, 1962.

Raymond L. Jones, of Chicago (John R. Jeffers, of counsel), for appellant.

Daniel P. Ward, of Chicago (John T. Gallagher and Edwin J. Belz, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

Ronald Stringfield was found guilty of driving while under the influence of liquor and of following too closely the vehicle in front of him under the prevailing traffic conditions. The consolidated cases were tried without a jury. The court fined him $106 and revoked his driver's license on the first charge and fined him $25 on the second charge.

Stringfield, an employee of a cement contractor, was returning from work about 5:00 p. m. on March 31, 1961. As he approached Clybourn and Wellington Avenues, Chicago, the truck he was driving collided with the automobile driven by Martin Bruchhauser, who had stopped at the intersection because of a red traffic light. Bruchhauser and a policeman who was called to the scene testified that in their opinion Stringfield was intoxicated. Bruchhauser's opinion was based on his observation of the defendant; the officer's on observation and also on tests which he gave at the police station. Another officer adminis-

tered a "breathalyzer" test and testified that the result showed ".170." In his direct examination he did not relate this test to the alcoholic content of the defendant's blood stream, but after being pressed on cross-examination he finally did so. The result of this test itself raised a presumption of intoxication. Ill Rev Stats (1961), ch 95½, sec 144(b) 3.

The defendant said he had nothing to drink since lunch time, when he had two bottles of beer. He explained that he saw the auto 100 feet ahead, applied his brakes, but they failed to hold; he then shifted through four gears from high to low but the truck still did not stop and was going four to five miles per hour when it hit the auto. It was stipulated that the man who was in the truck with him and three other fellow employees would testify substantially as did the defendant.

While the evidence was sufficient to justify the finding of guilty for driving while under the influence of liquor, the information upon which the prosecution was predicated is attacked in this court as not charging a criminal offense. If an information is void the error can be challenged for the first time in a court of review even if no preliminary motion to quash or in arrest of judgment has been made. People v. Sowrd, 370 Ill 140, 18 NE2d 176; People v. Green, 368 Ill 242, 13 NE2d 278; People v. Fain, 30 Ill App 2d 270, 173 NE2d 825.

A copy of the information had been given to the defendant. It stated that he drove a motor vehicle upon a public highway in violation of section 47 (UART) State of Illinois by "driving under the influence." This section of the Uniform Act Regulating Traffic on Highways (Ill Rev Stats (1961), c 95½, § 144) states that it is unlawful for any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle within this state.

"Driving under the influence" does not describe either of these offenses. Later, the record does not show when, the words "of alcohol" were added to the original information. Still later, after the post-trial motion, there was rubber stamped upon the information: "driving a motor vehicle while under the influence of intoxicating liquor." The defendant's attorney filed his own affidavit in conjunction with his post-trial motion in which he swore that the words "of alcohol" were neither in the original information nor in the information at the time of the trial. He moved that they be stricken. The court denied this motion. A second motion was subsequently made which asserted that the rubber stamp had been added to the information after the insufficiency of the charge had been argued in the post-trial motion. The court sustained this motion and corrected the record by ordering the stamped words stricken.

Someone realized that the charge as originally drafted was inadequate and twice strove to strengthen it. Some time between the arrest and the post-trial motion the information was changed to incorporate the words "of alcohol." They were written in a different handwriting than the balance of the charge and at first were placed after the address where the accident took place. They were then crossed out and the words were reinserted after the word "influence."

If the alteration was not made before or during the trial, the defendant was tried and convicted of "driving under the influence," without the specification of whether "the influence" was that of intoxicating liquor or of narcotics. The lack of this specification made the information defective. If the alteration was made before or during the trial, the defendant was tried and convicted of "driving under the influence of alcohol" a charge which, although not in the precise words of the statute, would have ade-

347

quately informed the defendant of the offense of which he was accused. However, the record does not show when the change was made and the defendant's counsel swore that it was made after the judgment had been pronounced.

■ An information, unlike an indictment, may be amended. People v. Fensky, 297 Ill 440, 130 NE 689; Truitt v. People, 88 Ill 518; People v. Moore, 21 Ill App2d 9, 157 NE2d 94; People v. Evans, 290 Ill App 75, 7 NE2d 912. It may be amended by leave of court and may be amended before or during trial. People v. Klemick, 311 Ill App 508, 36 NE2d 846; People v. Clark, 1 Ill App2d 250, 117 NE2d 421. But it cannot be amended surreptitiously, without the defendant's knowledge or the court's permission. Here the amendment was made after a copy was given to the defendant; the record shows that it was not made during the trial and, so far as the record discloses, it was not made before the trial upon motion in open court. Under these circumstances the amendment must be disregarded and therefore the charge reverts to the one in the original information. This did not allege a criminal offense. The information was void and the conviction must be reversed.

■ The evidence was insufficient to sustain the conviction for following too closely behind another vehicle. This offense is found in chapter 27, section 256 of the Municipal Code of Chicago, and is as follows:

> "27–256. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon the condition of the roadway."

There was no proof on the part of the prosecution as to how closely the defendant was following the

348

car ahead of him, and there was no proof of prevailing traffic conditions. The prosecution's case rested entirely upon the single circumstance that the defendant's truck bumped into the automobile in front of it after that car had stopped for a red light. This may have been due to driving while intoxicated, or to negligence, or it may have been caused, as the defendant said, by faulty brakes. Just because he ran into the car ahead is not proof that he was following that car too closely. The defendant testified that he was about 100 feet behind the auto and was traveling at five miles per hour when he saw that it was stopped. There was no contrary testimony.

■ ■ There is another reason why this conviction must be set aside. This complaint was also carelessly drawn and it did not charge an offense. It alleged that the defendant "did then and there unlawfully violate section 27–256," but it did not state whether this was an ordinance of the City of Chicago or a statute of the State. The number indicates that it was an ordinance but the prosecution was brought "in the name and by the authority of the People of the State of Illinois." Actions for violations of ordinances must be brought in the corporate name of the municipality and prosecutions for state offenses must be brought in the name of the people of the state. Ill Rev Stats (1961), ch 24, sec 1–2–7; Constitution of the State of Illinois, Art VI, sec 33. In addition to this, the words detailing the offense were merely "following to close" [sic]. These descriptive words were inadequate, of and by themselves, to charge an offense.

The two judgments of the Municipal Court are reversed.

Reversed.

SCHWARTZ and McCORMICK, JJ., concur.