## The People of the State of Illinois, Plaintiff-Appellee, v. Robert Baier, Defendant-Appellant.

### Gen. No. 49,566.

First District, First Division.

December 14, 1964.

John J. Cogan and Anna R. Lavin, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul A. O'Malley, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal by Robert Baier to reverse a judgment of conviction of reckless homicide. The case was tried by the court without a jury, and upon a finding of guilty the defendant was sentenced to the Illinois State Penitentiary for a term of not less than one nor more than five years.

The defendant contends that the evidence offered by the State failed to sustain the reckless and wanton conduct necessary to criminal liability; that the court applied an erroneous rule of law; and that the testimony of the State's main witness was so unclear, equivocating, and vague, that it lacked the clarity necessary to proof beyond a reasonable doubt.

The first and principal question raised by defendant concerns the sufficiency of the evidence to support the conviction. It is uncontroverted that on May 6, 1963, at approximately 8:50 p. m. the defendant was driving in a westerly direction on 92nd Street in Chicago toward Jeffrey Boulevard, a through street, which extends north and south. Traffic entering Jeffrey from 92nd Street is governed by stop signs. The State's witnesses testified that the defendant, while proceeding at a speed estimated to range from between 25 and 55 miles per hour, drove into Jeffrey without stopping and collided with a car which was

proceeding in a northerly direction on Jeffrey and in which the deceased was a passenger.

The defendant, however, testified that he stopped his car at the stop sign for traffic on Jeffrey as he had done on many previous occasions, and that after observing no cars, he proceeded into Jeffrey intending to get into the southbound lane of traffic. He said, "as I pulled out I saw the lights and that is all I remember."

The relevant statute is Ill Rev Stats 1961, ch 38, section 9–3, which is headed Involuntary Manslaughter and Reckless Homicide and which provides that a person who kills an individual without lawful justification by use of a motor vehicle may be prosecuted for reckless homicide. Ill Rev Stats 1961, ch 38, section 4–6, defines recklessness in these terms: "A person is reckless or acts recklessly, when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow . . . and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. . . ."

The defendant argues that proof of excessive speed and of failure to observe a stop sign is insufficient to constitute the reckless and wanton misconduct which is necessary for a conviction of the crime of reckless homicide.

In support of this contention the defendant cites People v. Potter, 5 Ill2d 365, 125 NE2d 510 and People v. Lynn, 385 Ill 165, 52 NE2d 166. In the Potter case there were no traffic signs at the intersection. The uncontroverted testimony was that the defendant, who was driving a C.T.A. bus, was proceeding down a thoroughfare with a street car line, without any traffic in front of him, when suddenly an automobile came out of a side street and the collision occurred. Under those circumstances the court held that the fact of

driving in excess of the speed limit alone did not constitute criminal negligence necessary for a conviction of reckless homicide. In the Lynn case the defendant was convicted of manslaughter under a charge that, as the direct and proximate result of defendant's unlawful, felonious, reckless and negligent act in permitting a motor truck to stand upon a public highway in the nighttime, without lights, an automobile, driven by another person, ran into the rear of the truck and a minor riding in the other car was fatally injured. The court there held that criminal liability does not attach to every act of negligence resulting in injury to another person, but only to negligence of such reckless or wanton character as to exhibit an utter disregard for the safety of others under circumstances likely to cause an injury. It was further held that the proximate cause of the collision was the mechanical failure of the lights on defendant's truck. The court stated that the evidence showed that the defendant, prior to and at the time of the occurrence, endeavored to the best of his ability, when his lights were extinguished, to drive his truck as far over to the right as possible, straddling the edge of the concrete slab, and that the truck was not driven entirely off the pavement only because of his fear of the ditch. The court held that under those circumstances the violation of the statute in regard to lack of lights did not of itself establish involuntary manslaughter.

■■ Neither the Lynn nor the Potter case is controlling here. In the case at bar the defendant admitted that he was acquainted with the intersection and knew that he must bring his car to a stop before proceeding on to Jeffrey Boulevard. Persons on Jeffrey Boulevard had a right to expect that drivers of automobiles on 92nd Street would observe the stop sign. The judge indicated that he did not believe the defendant's testimony that he stopped and looked to

the left, but did not see the car in which the deceased was riding. Furthermore, the court said he was convinced that the State's witnesses told the truth. We hold that the defendant's conduct clearly involved conscious disregard for the substantial and unjustifiable risks inherent in his conduct under the circumstances. The charge of reckless homicide may be justified by a combination of excessive speed and other circumstances which would indicate a conscious disregard of a substantial risk likely to cause death or great bodily harm to others, and the circumstances are such that a reasonable person would act differently under the same situation. People v. Simmons, 407 Ill 417, 95 NE2d 477.

The defendant next contends that the trial court applied an erroneous rule of law in determining guilt. In order to ascertain what legal basis the trial court relied on to make its decision, it is only reasonable that we should look to the whole record before us and not only to the selected passages to which the defendant directs our attention. Reciting the details would serve no useful purpose, but we conclude that examination of the whole record reveals that the court relied on all the facts of the case, including the defendant's excessive speed and his failure to stop at the stop sign, and hence the court applied the proper rule of law.

The defendant also contends that the testimony of Sharon Field, the State's main witness, lacked the clarity necessary for a finding of guilty beyond reasonable doubt. In support of this argument the defendant points out that at the time Miss Field was on the stand, the trial judge told her to speak up so that he could better understand what she was saying. He explained to her that the prosecutor had an account from her as to what she said happened, but she was "rattling off" and didn't "make sense" to

him. At the close of the evidence the court commented that if the testimony of this witness was somewhat vague ". . . there is one point of her testimony that isn't vague. That is the car didn't stop at the stop sign." Defendant claims that when a fact finder so contemplates this type of testimony, he cannot, on such evidence, have an abiding conviction amounting to a moral certainty of the guilt of the defendant. However, Sharon Field's testimony was not the only evidence as to the defendant's speed and whether he stopped at the stop sign. There was other testimony given by a witness who was driving on Jeffrey Boulevard, just behind Miss Field's car, to the effect that the defendant proceeded into the intersection without stopping at the stop sign and that he did so at a speed of 65 miles per hour.

■ ■ The Supreme Court has held that the testimony of one witness, if positive and credible, is sufficient to convict even though his testimony is contradicted by the accused. People v. Neiman, 30 Ill2d 393, 197 NE2d 8; People v. Johnson, 47 Ill App2d 441, 198 NE2d 173. Where a cause is tried by the court without a jury, the determination of the credibility of the witnesses and the weight to be accorded is committed to the trial judge. People v. Holt, 398 Ill 606, 76 NE2d 474; People v. West, 15 Ill2d 171, 154 NE2d 286. The trial court accepted the version of the State's witnesses as being true and we find no basis for substituting our judgment for his.

The judgment of the Criminal Court of Cook County is affirmed.

Judgment affirmed.

MURPHY, P. J. and KLUCZYNSKI, J., concur.