**People of the State of Illinois, Plaintiff-Appellee, v. Richard Stout, Defendant-Appellant.**

**Gen. No. 11,101.**

Fourth District.

April 1, 1969.

Lewis, Blickhan & Garrison, of Quincy, for appellant.

Doane G. Trone, City Attorney, of Rushville, for appellee.

SMITH, J.

This is an appeal by the defendant from a conviction for the violation of two sections of the ordinances of the

City of Rushville. One was a disorderly conduct charge and the other was a fast driving charge. It appears from the record that there was a third charge for a violation of some State statute which was dismissed on motion of the State's Attorney and the trial proceeded on violations of the city ordinance.

 The proceedings for the violations of the city ordinance were apparently filed on criminal complaint forms in the Circuit Court of Schuyler County. The suit was instituted in the name of "The People of the State of Illinois" and one complaint charged disorderly conduct and disturbance of the peace in violation of a specified section of the revised ordinances of the City of Rushville and the second complaint was similarly drafted and charged the offense of fast driving. Both sides have treated this as if it were a criminal procedure and governed by the rules in criminal cases. In our judgment, this proceedings is civil and not criminal. City of Highland Park v. Curtis, 83 Ill App2d 218, 226 NE2d 870. On the merits, the case must be determined by People v. Stringfield, 37 Ill App2d 344, 185 NE2d 381, where a violation of the city ordinance of the City of Chicago was brought "in the name and by the authority of the People of the State of Illinois." It was there held that actions for violations of ordinances must be brought in the corporate name of the municipality as required by Ill Rev Stats 1961, c 24, § 1-2-7, while prosecutions for State offenses were brought in the name of the People of the State of Illinois in accordance with art 6, § 33, of the Illinois State Constitution. Section 1-2-7 is not equivocal. It reads "all action brought to enforce any fine . . . shall be brought in the corporate name of the municipality, as plaintiff." There was no compliance with this section and in its absence, the judgment of the trial court is a nullity at this stage in the proceedings. The People of the State of Illinois as a party had no interest in the enforcement of

city ordinances. Accordingly, the judgment must be and it is hereby reversed.

Reversed.

TRAPP, P. J. and CRAVEN, J., concur.