**City of Rockford, a Municipal Corporation, Plaintiff-Appellee, v. Leslie Watson, Defendant-Appellant.**

**Gen. No. 68–155.**

Second District.

April 3, 1969.

Jack R. Cook, of Loves Park, for appellant.

John W. Nielsen, of Rockford, for appellee.

PRESIDING JUSTICE MORAN delivered the opinion of the court.

The defendant, Leslie Watson, was charged with violating section 61 of the Uniform Act Regulating Traffic—UART (Ill Rev Stats 1967, c 95½, § 158) which is following too closely. He was tried in a bench trial by a magistrate, found guilty beyond a reasonable doubt and fined $15 plus costs. It is from this judgment of conviction that he appeals.

There is but one question. May a municipal corporation be a proper party plaintiff in an action based upon a state statute when the Legislature has granted no such express authority?

The factual background is not in conflict. The defendant, while driving within the city limits of Rockford, was arrested by a city policeman and charged, by way of an Illinois Uniform Traffic Ticket and Complaint, with the above stated offense. (The city had no ordinance covering this offense.) Prosecution was conducted by the city attorney, the defendant was tried under the presumption of innocence theory and proof was beyond a reasonable doubt.

Under the former judicial article the answer to the question posed by this appeal would have been obvious because article VI, section 33 read:

"All process shall run: *In the name of the People of the State of Illinois;* and all prosecutions shall be carried on: *In the name and by the authority of the People of the State of Illinois;* and conclude: *Against the peace and dignity of the same.*"

See, City of Chicago v. Berg, 48 Ill App2d 251, 255–256, 199 NE2d 49 (1964); People v. Stringfield, 37 Ill App2d 344, 349, 185 NE2d 381 (1962). However, this provision was repealed by the new judicial article, People v. Petruso, 35 Ill2d 578, 583, 221 NE2d 276 (1966); People v. Hemphill, 96 Ill App2d 407, 409–410, 238 NE2d 601 (1968), and thereby left a void which has not been filled by implementing legislation.

147

The plaintiff seeks advantage of this void by arguing that because section 33 is no longer in force, it should be inferred that this was intentional in order that municipal corporations could sue in their own name for a breach of a state statute, especially a violation of the UART. This is further buttressed by the fact that section 138 of the UART (Ill Rev Stats 1967, c 95½, § 235) entitled, "Disposition of fines and forfeitures," states that where the offense is committed within the limits of a municipal corporation, the arrest is by authorities of such corporation and such entity "shall seasonably *prosecute* for all fines and penalties under this Act" (emphasis added), then the fines and penalties recovered shall be paid over to the treasurer of such entity.

At first glance this latter argument seems somewhat convincing; however, under closer scrutiny we believe that the case of City of Champaign v. Hill, 29 Ill App2d 429, 173 NE2d 839 (1961), decided before the new judicial article (and therefore limited in its application to the instant case), and cited by both parties hereto, along with section 136 of the UART (Ill Rev Stats 1967, c 95½, § 233) reveals the true intent of the legislature insofar as an interpretation of section 138, supra, is concerned.

The Champaign case was one in declaratory judgment for the purpose of interpreting section 138, supra, and concerned itself mainly with the distribution of fines and forfeitures and not with who may be the proper party plaintiff. However, the court in that case went on to explain the meaning of the word "prosecute" as used in that particular section. At page 449 it was stated,

> ". . . the word 'prosecute' we are constrained to hold that the intent of the legislature, in the initial enactment of the subsection and subsequent amendments, meant the word to mean only the common, everyday use of the word, and only intended to require that the city officers pursue the offender as far as they might legally go."

The Court, at page 450 went on to determine that the word "prosecute" does not only include the formal conduct of the court proceedings, but includes the arrest, signing of a complaint for warrant or signing of an information and also appearing in court as a witness in order to pursue the prosecution. In addition, the case set forth the then prevailing rule based upon section 33 of article VI that the proceedings for violation of a state statute must be filed in the name of the People of the State of Illinois.

The Court's basis for determining the necessary party plaintiff has been abolished; however, that portion of the opinion interpreting the intent of the Legislature in its use of the word "prosecute" in section 138, as applied to distribution of fines and penalties, is still based upon sound reasoning and we hereby adopt it. Consequently, the plaintiff can find no solace in this particular section for its main contention. This is even more definite when we consider section 136, supra, which provides in part:

> "The State's Attorney of the county in which the violation occurs shall prosecute the violator."

It is then contended that the abolishment of section 33 of article VI ipso facto, meant that municipal corporations gained a new found power by indirection. We know that the converse of this proposition cannot prevail. That is, the People of the State of Illinois would not be a proper party plaintiff in a suit brought for violation of a Rockford ordinance. See section 1–2–7 of the Municipal Code of 1961 (Ill Rev Stats 1967, c 24, § 1–2–7).

The defendant argues, and we believe correctly so, that if municipal corporations are to have the power to pick and choose under what label or remedy they will prosecute, this power should be given to them expressly by the legislature rather than to have the courts bestow such revolutionary power upon them. We agree.

149

■ A municipal corporation, being a creature of the State, has only those powers that are expressly delegated to it by the Legislature. It has no inherent power and must be able to point to the statutory provision giving it a particular power to exercise, City of Marquette Heights v. Vrell, 22 Ill App2d 254, 260, 160 NE2d 593 (1959). In the instant case, the plaintiff has not pointed out to us the authority of the legislature in allowing it to bring suit in its own name for violation of a state statute.

■ ■ While there may be pro and con arguments relative to judicial activism, to hold with the plaintiff in the case at bar would be nothing more than judicial revolution. We can find no basis, by way of constitution or statute, which would allow this court to grant the power herein sought by the plaintiff and therefore the judgment of the trial court is reversed.

Judgment reversed.

DAVIS and SEIDENFELD, JJ., concur.