**People of the State of Illinois, Appellee, v. Larry Sirinsky, Appellant.**

**Gen. No. 52,583.**

First District, Second Division.

May 20, 1969.

Rehearing denied June 20, 1969.

Harvey B. Bass, of Chicago, for appellant.

No briefs filed for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Defendant was found guilty at a bench trial of the operation of a motor vehicle on a public street while under the influence of intoxicating beverage. He received a fine of $100 and was assessed costs in the amount of $5. His contention on this appeal is that the complaint under which he was found guilty was defective in that it was brought in the name of the City of Evanston for a violation of the Illinois Uniform Act to Regulate Traffic (UART). He maintains that he was not sufficiently informed of the charges he was to face and that the defect in the caption of the complaint resulted in confusion as to the type of defense he should raise, inasmuch as a finding of guilty under the UART would have to be beyond a reasonable doubt, whereas a finding of guilty under the city's ordinance covering the subject could have been by a preponderance of the evidence.

The traffic citation, which stood as the complaint against defendant at trial, was issued to him by a City of Evanston police officer for the traffic violation which occurred in that city. Although the citation form bore an open square whereby the "People of the State of Illinois" could have been designated as the plaintiff, the officer checked the square next to "City of ———, a Municipal Corporation," and wrote in the word "Evanston" as the plaintiff. Thus, when read in its pertinent portions consecutively, the complaint reads, "City of Evanston, a Municipal Corporation, Plaintiff, vs. Sirinsky, Larry A., Defendant, . . . did then drive and operate a certain motor vehicle upon a public highway of this State, Howard Street, situated within the Village or Town or City, County and State aforesaid, and did then and

there unlawfully violate section 47 UART, State of Illinois, by (describe) Driving under influence of intoxicating beverage." The citation form also contained an open square whereby the violation of a "Local Ordinance" could have been designated instead of the State statute.

Except for the appearance of counsel filed on behalf of the defendant, which left blank the space where the name of plaintiff in the action is normally inserted, all matters in the record of this case are entitled "The People of the State of Illinois" as the plaintiff. These include the placita, three continuance orders granted at the instance of the defendant, a jury waiver filed by the defendant, motions for a new trial and in arrest of judgment (wherein defendant states, inter alia, that he was not found guilty beyond a reasonable doubt), and a report of proceedings prepared and presented to the trial judge by the defendant, inasmuch as the trial evidence was not recorded by a reporter or voice recorder. All references in the common-law record to the prosecuting attorney are to the State's Attorney of Cook County and the case was actually tried by an assistant state's attorney. Furthermore, it is clear that the complaint sufficiently informs defendant of the charge he was to face. It is apparent that defendant was aware that he was to be tried in a complaint prosecuted by the People of the State of Illinois and that the trial proceeded accordingly.

Defendant states that he raised the defect in the caption here complained of at the trial level, but the record does not substantiate this claim. No court reporter was present during the trial of this cause, and it was necessary for the defendant to compile his own report of proceedings. Defendant's report of proceedings, together with the trial judge's own memorandum of the proceedings, were approved by the trial judge and were made part of the record on appeal. Both the memorandum and the report of proceedings relate solely to

the evidence presented at the trial, and neither contains any reference to an objection by defendant as to the defect here complained of. Furthermore, defendant's motion for a new trial and his motion in arrest of judgment do not specifically refer to the defect in the caption of the complaint. The matter has been waived. Ill Rev Stats 1967, c 38, par 114–1(b).

Defendant cites the cases of People v. Stringfield, 37 Ill App2d 344, 185 NE2d 381, and City of Chicago v. Berg, 48 Ill App2d 251, 199 NE2d 49, as standing for the proposition that a complaint is void if it is brought in the name of a municipality for the violation of a State statute. However, neither Berg nor Stringfield is applicable here inasmuch as both were decided prior to the effective date of the Judicial Article of 1964 which repealed the requirement that all process run and all prosecutions be carried on in the name of the People of the State of Illinois. See Ill Const of 1870, art 6, § 33.) City of Evanston v. Jaman, 88 Ill App2d 441, 232 NE2d 28; People v. Petruso, 35 Ill2d 578, 221 NE2d 276. See also People v. Tammen, 40 Ill2d 76, 237 NE2d 517.

During the oral argument of this case the Assistant State's Attorney made an oral motion that this Court allow an amendment to the complaint, by changing the name of the plaintiff in the caption thereof to "The People of the State of Illinois." Under section 7 of the Judicial Article, the Appellate Court may exercise such original jurisdiction as may be necessary to a complete determination of a case on review. Ill Const, art 6, § 7; see also People v. Abney, 90 Ill App2d 235, 242–243, 232 NE2d 785. Supreme Court Rule 362 requires that any party desirous of amending his pleadings in the record on appeal must file a written application therefor, as well as comply with other requirements set out in the Rule. Supreme Court Rule 362(a)–(e). However, subsection (f) of the Rule provides that the reviewing court, upon its own motion, before or after submission of the case for decision,

may order an amendment to be made. (Supreme Court Rule 362(f) ; Ill Rev Stats 1967, c 110A, Par 362.) The amendment suggested by the People will correct the record and, under the view we take of this case, will work no prejudice to the defendant. See Admiral Oasis Hotel Corp. v. Home Gas Industries, 68 Ill App2d 297, 303–304, 216 NE2d 282. See also Rank v. Rank, 107 Ill App 2d 339, 246 NE2d 12, 14. It will further obviate defendant's concern that under the present state of the record he could be tried again by the People for the same offense.

The amendment of the complaint will show the People of the State of Illinois as plaintiff. The judgment is affirmed.

Complaint amended and judgment affirmed.

LYONS, P. J. and McCORMICK, J., concur.