2 Ill. App.3d 712 (1971)
276 N.E.2d 772
THE CITY OF O'FALLON, A Municipal Corporation, Plaintiff-Appellee,
v.
FREDIC DALE REYNOLDS et al., Defendants-Appellants.
No. 71-135.
Illinois Appellate Court  Fifth District.
December 13, 1971.
*713 Lehman D. Krause, of Centreville, for appellant.
Delmar Koebel, of Lebanon, for appellees.
Judgments reversed, cause remanded.
Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:
This is an appeal by the defendant Reynolds from a conviction of violations of Ill. Rev. Stat. ch. 95 1/2, par. 6-101, driving without a valid license, and par. 11-1404, operating a motorcycle without protective eyeglasses, and from a judgment denying the return of bond money paid by the defendant's grandmother, pursuant to Ill. Rev. Stat. ch. 38, par. 110-8, and applied to the payment of the defendant's fine.
The appellants argue that the conviction was improper because the City of O'Fallon could not be the proper party plaintiff in a prosecution based upon the violation of a state statute and that the trial court erred in refusing to refund a cash bail posted by a party, other than the defendant, and in applying that cash bail to payment of the defendant's fine.
The City of O'Fallon's failure to file a brief in this case would be sufficient for reversal of the judgments below. However, since serious questions are raised in this appeal, we will consider the arguments presented.
 1 In determining the first issue, it will be necessary to examine the record in order to ascertain whether the City of O'Fallon was the plaintiff in the prosecution of the defendant.
The defendant was arrested by an O'Fallon police officer, who prepared Illinois Uniform Traffic Ticket and Complaint forms charging violations of § 6-101 and 11-1404 of the Illinois Motor Vehicle Law and styled "State of Illinois, County of St. Clair, and Village of O'Fallon".
*714 Later, pursuant to a motion for appointment of counsel, the court determined that the defendant was an indigent and appointed counsel, other than the counsel on this appeal. The motion and order were both styled "People of the State of Illinois v. Fredic Dale Reynolds".
At a bench trial, the defendant was not represented by counsel, pleaded guilty, and was fined. On the same day, the defendant's grandmother made her request for the return of the bond money, and the record indicates the motion was argued and overruled. The order of the trial judge is styled "City of O'Fallon v. Fredic Dale Reynolds" and the record indicates the City of O'Fallon was represented by the city attorney.
The defendant and his grandmother made motions for a new trial on the conviction and for a rehearing on the return of the cash bail, styled "City of O'Fallon v. Fredic Dale Reynolds and Dorothy Cullon". The court's order overruling the motions is styled "City of O'Fallon v. Fredic Dale Reynolds".
The certification of the common law record refers to the case as City of O'Fallon v. Fredic Dale Reynolds & Dorothy Cullon, Surety. The Report of Proceedings on the motions for a new trial and for rehearing refer to the case as City of O'Fallon, plaintiff, v. Fredic Dale Reynolds, defendant, and Dorothy Cullon, surety, and list the city attorney as representing the plaintiff.
It would appear from the record that the City of O'Fallon was the plaintiff and prosecuted the action through the city attorney.
 2 Having determined that the City of O'Fallon was the plaintiff in this case, we must determine whether a municipal corporation can be the proper party plaintiff in an action based on a violation of the Illinois Vehicle Code.
In Rockford v. Watson (2d Dist. 1969), 108 Ill. App.2d 146, 246 N.E.2d 458, the court reversed a conviction under the Illinois Vehicle Code, when the defendant was arrested within the city limits of Rockford, charged by way of an Illinois Uniform Traffic Ticket and Complaint, and prosecuted in a bench trial before a magistrate by the city attorney. The case was styled "City of Rockford v. Watson".
The city argued that the repeal of the former judicial article, which had provided specifically that all prosecutions shall be in the name of and by the authority of the People of the State of Illinois, left a void which has not been filled by implementing legislation and that this void was intentional in order that municipal corporations could sue in their own name for a breach of a state statue.
The court rejected this argument by determining the legislative intent *715 in the enactment of specific sections of the Illinois Uniform Act Regulating Traffic. Ill. Rev. Stat. 1969, ch. 95 1/2, par. 17-102, provides that: "The State's Attorney of the county in which the violation occurs shall prosecute the violator". However, with regard to the disposition of fines and forfeitures, Ill. Rev. Stat. 1969, ch. 95 1/2 pars. 235, 16-105, provides that, for offenses committed on a highway, within city limits, the fines are payable to the city, "provided police officers and officials of cities, towns, villages * * * shall seasonably prosecute for all fines and penalties under this act."
With regard to this latter section, the court interpreted "prosecute" to mean only the "common, everyday use of the word" and relied on Champaign v. Hill (1961), 29 Ill. App.2d 429, 173 N.E.2d 839. That case involved a declaration judgment to interpret the meaning of "prosecute" in par. 16-105. Even though that decision preceded the new judicial article, its analysis remains unaffected. The court, relying on the manner in which the language was used and on two attorney general opinions specifically on point, held that use of the word "prosecute" contemplated the municipality's making an arrest, initiating the complaint, and appearing as prosecuting witness, but not formally conducting the proceeding.
Based upon this interpretation, the court in the Rockford case concluded that, in the absence of a specific delegation from the legislature, a municipality cannot be a proper party plaintiff in the prosecution of a violation of a state statute.
The only other authority on this question is People v. Sirinsky (1970), 110 Ill. App.2d 338, 249 N.E.2d 229, aff'd. 47 Ill.2d 183, 263 N.E.2d 505. In that case, all references in the common law record, including the placita, three continuance orders, a jury waiver, motions for a new trial and in arrest of judgment, and a report of proceedings prepared and presented to the trial judge, mentioned the prosecuting attorney as the State's Attorney of Cook County. Furthermore, with the exception of the complaint, which was in the name of the City of Evanston, and the appearance of counsel, which left blank the space where the name of the plaintiff appears, all matters were styled "People of the State of Illinois" as plaintiff.
The Appellate Court mentioned the defendant's argument that the complaint was void because it was brought in the name of a municipality for a state traffic violation. The Court stated that the authorities cited by the defendant were inapplicable because they were decided under the old judicial article and held, 249 N.E.2d at 231, that:
"However, neither Berg nor Stringfield is appliciable here inasmuch as both were decided prior to the effective date of the Judicial *716 Article of 1964 which repealed the requirement that all process run and all prosecutions be carried on in the name of the People of Illinois." (Emphasis added.)
The Court then cited three cases, none of which held that a municipality may now prosecute a state offense.
The Court gives the impression, however, in the section quoted that a municipality may now prosecute a state violation. In the Supreme Court decision, the Court did not comment on the language above and held that there was no prejudicial lack of notice involved because "it is apparent that the defendant was aware he was to be tried in a complaint prosecuted by the People of the State of Illinois and that the trial proceeded accordingly". 265 N.E.2d at 506. It concluded that:
"We consider the irregularity in the caption of the complaint of no significance here * * *. The caption of a charging pleading * * * forms no part of the pleading and defects in the caption will not invalidate it."
The Sirinsky case is distinguishable from the present case and from the Rockford case in that the defendant in Sirinsky was prosecuted by the State of Illinois through the State's Attorney of Cook County. In the present case and in the Rockford case, the defendant was prosecuted by the city attorney of the respective municipality in the name of the municipality. The language in the appellate decision in Sirinsky is dictum and does not constitute authority for determining that under the new judicial system a municipality may prosecute a state offense.
We agree with the analysis of the Court in the Rockford case and hold that the City of O'Fallon was not the proper party plaintiff in the prosecution of the defendant Reynolds and, according, we reverse the judgments of conviction of the trial court.
In view of determination that the convictions are a nullity, we need not discuss the issue of the application of the cash bail to defendant's fines; and remand this cause for a proper order for refund of the cash bond.
Judgments reversed, cause remanded with directions.
MORAN and JONES, JJ., concur.