THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OLIVER ROWE, Defendant-Appellant.

(No. 56384;

First District—December 21, 1972.

Gerald W. Getty, Public Defender, of Chicago, (James Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (William Wolter, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The defendant, Oliver Rowe, traveling in an automobile westward on 63rd Street, Chicago, at an excessive speed, ran through a red light at Loomis Boulevard and struck a southbound car being driven by William Mitchell. Mitchell died as a result of the collision. Rowe was indicted for involuntary manslaughter and various traffic violations. A jury found him guilty of involuntary manslaughter and disobeying a red light. He was sentenced to one to five years in the penitentiary for manslaughter and fined $10 for disobeying the red light. He contends that he was not

proved guilty of manslaughter beyond a reasonable doubt and that he was denied due process of law by instructions submitted by the State.

The evidence established Rowe's guilt. Four blocks east of Loomis Boulevard, at Racine Avenue, Rowe scraped the fender of another car which had stopped for a red light. He did not stop but, while glancing back through his rear-view mirror, continued west on 63rd Street at an accelerated speed. After a moment's hesitation the motorist whose fender was scraped proceeded west on 63rd Street at 35 miles an hour. By the time he had gone two blocks, Rowe had gone four. The motorist estimated Rowe's speed at 70 miles an hour; he saw the red light at Loomis and saw Rowe enter the intersection without slowing down. Another motorist who was going east on 63rd Street and who had stopped at Loomis for the red traffic signal testified that there was a terrific crash. He was knocked unconscious and the left side and back of his car were damaged as a result of the initial impact between the Rowe and Mitchell vehicles. Following the double collision Mitchell's auto was on the south side of 63rd Street facing southeast; Rowe's was on the north side of 63rd facing west.

Rowe testified that after the contact at Racine Avenue between his car and that of the first motorist he continued west on 63rd Street at about 30 miles an hour. He did not stop because he figured the damage was slight and was the other driver's fault. He said that the light was green at Loomis when he entered the intersection; that he became suddenly aware of Mitchell's auto when it was about three feet in front of him; it came from the west and "jumped" into his lane of traffic. He applied his brakes but could not avoid striking the eastbound auto which was swerving back into its own lane when the collision occurred.

■■ A person who kills an individual without lawful justification commits involuntary manslaughter if his acts which cause the death are such as are likely to cause death or great bodily harm and are performed recklessly. (Ill. Rev. Stat. 1967, ch. 38, par. 9—3.) A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that his acts may cause death or great bodily injury, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the same situation. Ill. Rev. Stat. 1967, ch. 38, par. 4—6.

■■ Driving through a red light does not of itself establish that a motorist was acting recklessly (*People v. Mowen* (1969), 109 Ill.App.2d 62, 248 N.E.2d 685), nor does operating a motor vehicle over the speed limit evidence reckless conduct. (*People v. Potter*, (1955), 5 Ill.2d 365, 125 N.E.2d 510.) Each case must be considered on its own facts. Disobeying a traffic signal or driving at an excessive speed, in conjunction with other

circumstances indicating a conscious disregard of a substantial risk likely to cause great bodily harm or death, justifies a finding of recklessness. *People v. Prendergast* (1968), 95 Ill.App.2d 41, 238 N.E.2d 92; *People v. Baier* (1964), 54 Ill.App.2d 74, 203 N.E.2d 633.

■■ Swerving around one automobile and striking it, leaving the scene of the accident, driving thereafter at an estimated speed of 70 miles an hour on a city street, entering an intersection at this speed in violation of a traffic signal, not yielding the right-of-way to an automobile which was lawfully in the intersection, constituted reckless conduct likely to cause death. The combination of reckless acts, which were a gross departure from normal and reasonable standards of care, established the defendant's criminal responsibility for the death of William Mitchell.

■■ It is the province of the jury to determine the credibility of the witnesses and the weight to be accorded their testimony. (*People v. Hansen* (1941), 378 Ill. 491, 38 N.E.2d 738; *People v. Adams* (1969), 113 Ill.App.2d 276, 252 N.E.2d 65.) The testimony of the witnesses for the State and the exhibits depicting the condition of the cars and their position after the accident were more than sufficient to sustain the jury's verdict that the defendant was guilty of involuntary manslaughter.

The defendant argues, however, that the verdict should be set aside because it was prejudicially influenced by instructions defining the burden of proof. On the involuntary manslaughter count of the indictment the court instructed the jury that the State had the burden of proving the defendant guilty beyond a reasonable doubt and that this burden remained with the State throughout the case. On the count charging the defendant with disobeying a red light, the court instructed the jury that, as to this offense only, the State's burden was to prove his guilt by clear and convincing evidence. The defendant's argument is that the different standards of proof could have confused the jurors and could have resulted in their applying the lesser standard to the felony charge. The argument proceeds that disobeying the red light was the reckless act relied upon by the State to prove involuntary manslaughter and the jurors could have thought that as to this act the State's burden was only to prove the defendant's guilt by clear and convincing evidence. It is suggested that when a violation of a municipal ordinance is joined in the same indictment with a felony charge, the proof required as to the ordinance violation should be beyond a reasonable doubt.

■■ Each instruction was clear and distinct. The jury was told that as to involuntary manslaughter the burden of proving the defendant guilty beyond a reasonable doubt remained with the State throughout the trial. The jury was told that the burden of proving guilt by clear and con-

vincing evidence applied to disobeying a red light and to that offense only. The series of instructions given by the court emphasized the State's obligation to prove the defendant's guilt beyond a reasonable doubt. The instructions correctly stated the applicable principles of law and the defendant's conjecture that the jury was confused and he was prejudiced are unfounded.

■■ Nevertheless, the judgment based upon the violation of the municipal ordinance must be reversed. The indictment charged that this offense violated "Section 27-202(e) of the Traffic Regulations of the City of Chicago." The indictment was brought "in the name and by the authority of the People of the State of Illinois," and alleged that the offense was "contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois." The People of the State of Illinois are not a proper party plaintiff in the enforcement of City ordinances. (*City of Rockford v. Watson* (1969), 108 Ill.App.2d 146, 246 N.E.2d 458; *People v. Stout* (1969), 108 Ill.App.2d 103, 246 N.E.2d 319.) Actions for violations of ordinances must be brought in the corporate name of the municipality. (*People v. Stringfield* (1962), 37 Ill.App.2d 344, 185 N.E.2d 381.) The pertinent section of the Illinois Municipal Code states:

> "All actions brought to enforce any fine, imprisonment, penalty, or forfeiture under any ordinance of any municipality, shall be brought in the corporate name of the municipality, as plaintiff." Ill. Rev. Stat. 1967, ch. 24, par. 1—2—7.

The failure to bring the action in the name of the correct plaintiff was a substantial defect which made the judgment of the trial court a nullity. *City of Chicago v. Berg* (1964), 48 Ill.App.2d 251, 199 N.E.2d 49.

The judgment of conviction for involuntary manslaughter is affirmed; the judgment for disobeying a red light is reversed.

Affirmed in part; reversed in part.

McGLOON, P. J., and McNAMARA, J., concur.