THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* LEE ARTOE, Defendant-Appellant.

(No. 60303;

First District (1st Division)—September 15, 1975.

Lee Artoe, *pro se.*

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Lucia Thomas, Assistant Corporation Counsel, of counsel), for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Lee Artoe was found guilty in a bench trial of violating chapter 27, section 256 of the Municipal Code of Chicago, Illinois, for following too closely and was fined $10 in addition to $5 court costs. The defendant appeals from the judgment contending that: (1) it was reversible error for the trial court to act as a prosecutor by conducting the questioning of the witnesses, and (2) the evidence was insufficient to establish that the defendant was guilty of violating the traffic ordinance for following too closely.

Two witnesses testified at the trial, the defendant Lee Artoe and a Mr. Schmalz. Neither an assistant corporation counsel for the City of Chicago nor any other attorney for the prosecution was present during the trial. The trial court swore in both witnesses and directed the questioning of the witnesses. The defendant represented himself in the matter.

Mr. Schmalz testified that he had stopped his car at a crosswalk near 3220 North Lincoln Avenue in Chicago, Illinois. He testified that a car driven by the defendant "cracked into his rear" causing damages. On cross-examination by the defendant, Mr. Schmalz was asked if he saw the car driven by the defendant, and Mr. Schmalz said no.

The defendant testified that after turning on to Lincoln Avenue from Belmont Avenue and seeing a stopped car, he applied his brakes but either "misjudged the distance" or the distance between the cars was shortened because Mr. Schmalz was backing up. The defendant's car "lightly struck" Mr. Schmalz' car, defendant testified. The defendant also testified that there was no crosswalk where Mr. Schmalz had stopped his car.

After hearing this evidence the trial court, sitting as a finder of fact found that the defendant had violated chapter 27, section 256 of the Municipal Code of Chicago, Illinois, for following too closely. There was no record that the defendant made an objection to the fact that the court had conducted the questioning of the witnesses.

■■ The defendant's first contention on appeal is that the trial court was acting as a prosecutor by conducting the questioning of the two witnesses, and this constituted reversible error. While the court did conduct the questioning of the two witnesses, there is no record that the defendant raised an objection with the trial court concerning this procedure. Where a party has not raised an objection before the trial concerning the trial court's questioning of witnesses, that party, as a general rule, waives his right to raise that issue on appeal. *People v. Boozer*, 12 Ill.2d 184, 145 N.E.2d 619; *People v. Kraushaar*, 357 Ill. 463, 192 N.E. 385; *People v. King*, 50 Ill.App.2d 421, 200 N.E.2d 411.

The defendant on appeal objects only to the fact that the court conducted the questioning of the witnesses. Defendant makes no contention

that the trial court's questions were unfair or that the court was prejudiced toward the defendant. An examination of the record also reveals no evidence of improper questions by the trial court or prejudice of the court toward the defendant. Finding neither a contention nor any evidence that the trial court's questions were unfair or prejudicial, we find no reason for considering the merits of the defendant's first contention when he failed to raise the matter before the trial court. We are of the opinion that the defendant has not properly preserved this issue for review and that this is a proper case for applying the waiver rule.

The defendant's second contention is that the evidence was insufficient to establish that the defendant was guilty of violating chapter 27, section 256 of the Municipal Code of Chicago, Illinois, for following too closely. The defendant argues that the fact that the defendant struck another car from behind is not in and of itself sufficient to establish that the defendant was following too closely.

Even if we accept defendant's contention that a rear end collision is insufficient to establish that the defendant was following too closely, there was other evidence on this issue. The defendant himself testified that he had "either misjudged the distance or the distance between the cars was shortened by [the] car of [the] witness backing." The court, sitting as a finder of fact, could have properly believed the defendant's first statement that he misjudged the distance and thereby concluded that the witness was following too closely.

■■ The defendant cites *People v. Stringfield*, 37 Ill.App.2d 344, 185 N.E.2d 381, for the proposition that the mere fact that a rear end collision occurred does not establish that a defendant was following too closely. We find *Stringfield* inapplicable to the case at bar. In *Stringfield* there was testimony that the defendant's brakes were faulty. In the instant case, there was no suggestion that the defendant's brakes were faulty. On the contrary, the defendant testified that he might have "misjudged the distance"; testimony which was not present in the *Stringfield* case. We are of the opinion that there was sufficient evidence for the court to find that the defendant had violated the ordinance prohibiting following too closely.

Accordingly, the judgment is affirmed.

Judgment affirmed.

GOLDBERG and EGAN, JJ., concur.