THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS PARR, Defendant-Appellant.

(No. 54124; )

First District—May 10, 1971.

Henry A. Gentile, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Arthur L. Belkind, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Defendant was found guilty at a bench trial of the crime of involuntary manslaughter and was placed on probation for a period of three years. On appeal he contends that he was not proven guilty beyond a reasonable doubt.

James Lesparre testified for the People that he is the father of Susan Lesparre, the deceased, and that at approximately 11:30 P.M. on September 6, 1968 the witness saw his daughter in an unconscious state in the emergency room of St. Francis Hospital in Blue Island where she subsequently died.

Frances Agostinelli testified for the People that she and Susan Lesparre were together on the night in question, the latter riding as a passenger in the right front seat of an automobile operated by the witness. The Agostinelli vehicle was proceeding in a northerly direction on Keeler Avenue approaching 147th Street in the Village of Midlothian shortly before 11:00 P.M. (Miss Agostinelli testified that her vehicle approached the intersection of 149th Street and Keeler Avenue, but other evidence in the record reveals that her vehicle approached 147th Street and that the witness was apparently confused.) Traffic on Keeler Avenue is controlled by a stop sign at 147th Street, and 147th Street at that point is a through-street carrying two westbound and two eastbound lanes of traffic. Miss Agostinelli testified that as she approached the stop sign, she switched on the directional signals of her vehicle indicating her intention to execute a right-hand turn onto eastbound 147th Street. The witness testified that her action in that regard was the last thing she remembered.

On cross-examination Miss Agostinelli testified that she had about one month's driving experience, and that she had driven 50 to 75 miles during that period.

Police Officer Hartman of the Midlothian Police Department testified that at approximately 11:00 P.M. on September 6, 1968, he received a radio dispatch of an accident at 147th Street and Keeler Avenue in the Village. He testified that when he arrived at the scene he found two vehicles in a demolished condition laying on their roofs. He stated that the defendant was in one of the vehicles with four other youths, and that Miss Lesparre was in the Agostinelli vehicle. The officer testified that photographs were taken of the scene that night and the following morning. The speed limit posted on 147th Street at the point of the collision was 30 miles per hour.

Richard Bilotti testified for the People that at approximately 10:45 P.M. on September 6, 1968, he was at a hamburger stand near 147th Street and Crawford Avenue with the defendant and several other youths. Three automobiles left the premises at the same time and in

the following manner: first, the vehicle operated by the defendant and containing four passengers; second, a vehicle driven by James Max; and third, the vehicle driven by the witness. The three vehicles stopped for a red light at 147th Street and Crawford Avenue, and when the light turned green the three vehicles turned right onto westbound 147th Street. The three vehicles were traveling at a speed of 30 to 35 miles per hour as they approached Keeler Avenue, located three blocks west of Crawford Avenue. The witness testified that as the vehicles approached Keeler Avenue, the defendant "opened the distance" between the defendant's vehicle and the witness's vehicle, that "his tail lights started getting smaller" and that the defendant's vehicle "just gained speed." Bilotti testified that he observed the defendant's vehicle as it approached Keeler Avenue and that he "just saw a cloud of dust." When the witness approached Keeler Avenue he observed the defendant's automobile and the Agostinelli automobile on the side of the road.

Terrence Nawracaz testified for the People that he was a passenger in the defendant's vehicle, being seated in the center of the rear seat. The witness testified that the Parr vehicle was traveling between 30 and 40 miles per hour between Keeler and Karlov Avenues, the street immediately east of Keeler Avenue. The witness testified that he observed the Agostinelli vehicle on Keeler Avenue when the Parr automobile was about 150 feet from the intersection, and that the head lights on the Agostinelli vehicle appeared to have been unlighted. He testified that he observed the Agostinelli vehicle immediately prior to the impact, which was directly in front of the Parr vehicle and which was standing motionless. Nawracaz testified that the Parr vehicle was about 75 feet from the intersection when he felt a "nudge," indicating that the defendant had applied the brakes of his vehicle.

David Hirschfield testified for the People that he was a professional race car driver and that pursuant to a request by the Midlothian Police Department he made an inspection of the defendant's automobile on September 7, 1968. He described the Parr vehicle as a "dragster," a vehicle that is primarily used in racing at drag strips. He stated that defendant's vehicle, a Pontiac Tempest, was equipped with a late model, high performance Chevrolet engine.

Dr. J. Stannard Baker was called as an accident reconstruction expert by the People. He testified that on September 14, 1968 he went to an automobile repair shop where he inspected and weighed both vehicles involved in the mishap. He stated that the Agostinelli automobile was damaged by a heavy collapse on the right side, and that the Parr vehicle was heavily damaged across the front end. The witness testified

that he also went to the scene of the mishap where he inspected and measured scratch marks, etc., on the pavement.

The witness then testified that based upon his observations and measurements, he calculated the momentum of the two vehicles after impact which, when taking into consideration the weight of the respective vehicles, showed the speeds of the two vehicles at the time of impact. The witness estimated that at the time of impact the Parr vehicle was traveling at a speed of 77 miles per hour, with a possible bottom speed of 69 miles per hour and a possible top speed of 89 miles per hour. His estimate of the speed of the Agostinelli vehicle at the time of impact was 18 miles per hour, with a range of 16.5 to 23 miles per hour.

On cross-examination the witness was asked if his figures would remain the same if the speed of the Agostinelli vehicle was zero, but the trial court refused to allow the witness to answer the question on the ground that there was no evidence that the Agostinelli vehicle was in a standing position at the time of impact. Objections to the testimony of Dr. Baker raised by the defendant were overruled by the trial court.

James Max was called as a defense witness. He testified that on the night of September 6, 1968, he was driving his vehicle approximately two car-lengths behind the defendant's vehicle at 147th Street and Crawford Avenue. He and the defendant executed right-hand turns onto westbound 147th Street. The witness testified that the speed of his vehicle was between 15 and 20 miles per hour between Crawford and Keystone Avenues, while defendant's vehicle was traveling between 20 and 25 miles per hour; between Keystone and Karlov Avenues the Parr vehicle was traveling 30 miles per hour, and between Karlov and Keeller Avenues the Parr vehicle was traveling 35 miles per hour. The witness testified that he did not see the collision between the Agostinelli and Parr vehicles.

Bill Hill testified for the defense that he was a passenger in the Max vehicle. After the Parr and Max vehicles completed the right-hand turn at 147th Street and Crawford Avenue, the Parr vehicle traveled at a speed of 35 miles per hour between Karlov and Keeler Avenues, and the witness observed the Agostinelli vehicle pull out from the stop sign at Keeler Avenue.

Albert Reppert, a passenger in the Parr vehicle, testified for the defense that the Parr vehicle was traveling at a speed of 20 miles per hour between Crawford and Keystone Avenues; at a speed of 25 miles per hour between Keystone and Karlov Avenues; and at a speed of 25 to 35 miles per hour between Karlov and Keeler Avenues. The witness

further testified that defendant applied the brakes on his vehicle before the impact, and that the Agostinelli vehicle did not stop at the stop sign and did not have its head lights burning.

Bernard Evans, another passenger in the Parr vehicle, testified for the defense that after the defendant stopped for the traffic light at 147th Street and Crawford Avenue and executed the right-hand turn onto 147th Street, the Parr vehicle attained a speed of 20 miles per hour between Crawford and Keystone Avenues; a speed of 25 miles per hour between Keystone and Karlov Avenues; and a speed of 30 to 35 miles per hour between Karlov and Keeler Avenues. The witness testified that he did not see the accident.

The defendant testified in his own behalf that after he left the hamburger stand at 147th Street and Crawford Avenue, he proceeded westbound along 147th Street at a speed of 30 to 35 miles per hour. As he approached Keeler Avenue he observed the Agostinelli vehicle about 15 to 20 feet to the south of the stop sign on Keeler Avenue when his vehicle was 170 to 180 feet from that intersection. At a distance of 120 feet from the intersection the witness removed his foot from the accelerator and at a distance of 75 to 80 feet from the intersection he applied the brakes. Parr testified that the Agostinelli automobile "jerked through the stop sign" without stopping and entered the inner westbound lane of traffic on 147th Street, the lane in which the Parr vehicle was traveling. The collision occurred in that lane of traffic. Defendant further testified that the Agostinelli vehicle did not have its head lights burning at the time. Defendant also stated that when he viewed his automobile at an automobile repair shop after the mishap, the speedometer, transmission, carburetor, intake manifold, gasoline gauge from the carburetor, and several items from the trunk were missing. He also stated that the area where the mishap occurred is developed, part business and part residential.

 The testimony of the People's expert witness, Dr. Baker, was improperly admitted into evidence, in light of the fact that no proper foundation was laid for its admission. Dr. Baker testified that he inspected the vehicles and the scene of the mishap eight days after the occurrence. He further testified that from his inspections and the measurements made during those inspections he was able to determine the relative speeds of the two vehicles at the time of impact. However, no evidence was adduced by the People to show that the vehicles and the scene of the mishap were in the same condition as they were at the time of the mishap. *Jines v. Greyhound Corporation,* 33 Ill.2d 83.

Further, there was no evidence that Dr. Baker took into consideration the weights of the occupants of the Parr vehicle or of the Agostinelli

vehicle, which is especially significant in light of his testimony that his opinion as to the speeds of the vehicles was based in part on the relative weights of the vehicles.

Dr. Baker's testimony concerning the speed of the Parr vehicle is the only evidence adduced by the People which approaches the reckless conduct required for conviction under the statute. (Ill. Rev. Stat. 1969, ch. 38, pars. 4—6, 9—3.) The balance of the evidence concerning the speed of the Parr vehicle at the time of impact ranged between 30 and 40 miles per hour. Although People's witness Bilotti testified that he observed the tail lights of the defendant's vehicle "getting smaller" and that the Parr vehicle "just gained speed" as it approached Keeler Avenue, this of itself is not evidence of the operation of the vehicle in a reckless manner or in reckless disregard of the safety of others. Likewise, that defendant may have been operating his vehicle several miles per hour over the posted speed limit is not conclusive of reckless conduct. *People v. Potter,* 5 Ill.2d 365.

■■ The People's own witness, Terrence Nawracaz, testified that the Parr vehicle was traveling between 30 and 40 miles per hour at the time it reached the Keeler Avenue intersection; the People are bound by his testimony. (*People v. McGuirk,* 106 Ill.App.2d 266.) Without the testimony of Dr. Baker, the evidence fails to prove the defendant guilty of involuntary manslaughter.

For these reasons the judgment is reversed.

Judgment reversed.

LYONS and GOLDBERG, JJ., concur.