THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT L. BRADY, Defendant-Appellant.

(No. 12564;

Fourth District—October 31, 1974.

B. H. Huschen, of Roanoke, for appellant.

Richard W. Leiken, State's Attorney, of Eureka (Kai A. Wallis, of Circuit Attorney Project, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant appeals from his conviction following a bench trial of the offense of reckless driving and from a sentence imposed of 7 days' imprisonment in the county jail. The primary issue before this court is whether defendant was proven guilty beyond a reasonable doubt.

There is no verbatim report of the trial court proceedings. Defendant's report of the proceeding is as follows: Larry B. Routley, a Washburn, Illinois, police officer, testified that he observed defendant in the early morning hours of October 20, 1973, driving down Main Street in Washburn crossing from one side of the road to the other. He estimated that defendant was travelling approximately 50 m.p.h., and stated that he followed defendant until the blacktop road became gravel at which time he lost sight of defendant. He further stated that he was about a block

away from defendant when he made his observations, and that there was no squealing of tires. On cross-examination he stated that the offense occurred on State, not Main Street, that there was no center line in the street, that there were no other cars, people or children present in this sparsely populated residential area, that defendant drove on the right but at times crossed to the left, and that he did not turn on the red light or siren. Defendant testified that he was following a friend's truck on the evening in question, that he was driving at approximately 35 m.p.h., and that he stayed on the right-hand side of the road. The State's report of proceedings adds the following: Routley stated that his speedometer read 50 m.p.h. and that he was not able to catch defendant at that speed. Furthermore, he stated that he reduced his speed when the defendant's car reached the gravel road because of the heavy dust generated by defendant's car.

■■ We believe that the record shows that defendant was guilty of the offense beyond a reasonable doubt. Authority is not necessary for the proposition that the question of credibility is for the trier of fact to decide. In the present case Officer Routley testified that defendant was travelling over 50 m.p.h., was driving in a residential district of the village, and was crossing from the right to the left side of the road and back. Such testimony, if believed, clearly constitutes recklessness within the meaning of the statute.

■■ Defendant also raises various other issues in his brief but does not argue these issues nor does he cite any authority in support thereof. Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1973, ch. 110A, par. 341 (e)(7)) states:

> "(7) Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. * * * Points not argued are waived * * *."

Likewise, we deem these issues waived. Our review of the record indicates that justice is not denied by such a disposition.

Accordingly, for the reasons stated above the judgment of the circuit court of Woodford county is hereby affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.