THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SYLVESTER JOHNSON, Defendant-Appellant.

(No. 73-98;

Fifth District—August 6, 1975.

Paul Bradley and Laurence A. Benner, both of State Appellate Defender's Office, of Chicago, for appellant.

Byron L. Connell, State's Attorney, of Mound City (Bruce D. Irish and Rolf F. Ehrmann, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant, Sylvester Johnson, was convicted of reckless driving after a jury trial in Pulaski County. A fine and costs were imposed. On appeal, defendant raises two issues regarding the sufficiency of the complaint and contends that the evidence was not sufficient to prove his guilt beyond a reasonable doubt. We find it necessary to discuss only the last contention.

The undisputed evidence at trial showed that defendant approached an intersection of a Mounds, Illinois, city street and Highway 51 at about 10:45 p.m. Defendant abruptly turned right on the highway without stopping, thereby causing his tires to "squeal." Defendant was arrested shortly thereafter by a police officer who observed the violation. There was no evidence that any pedestrians or other vehicles were present, no evidence that the intersection is particularly dangerous or that weather conditions were other than normal. No evidence was presented that defendant in any way lost control of his vehicle or that he endangered any person or property, including himself. The reckless driving conviction was based solely on defendant's failure to make a lawful stop at the intersection.

Section 11—503(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—503(a)) states:

> "Any person who drives any vehicle with a willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

It has been held that driving in excess of the lawful speed limit alone will not support a finding that the conduct of the defendant was wilful, wanton, or reckless in the absence of aggravating factors. (*People v. Potter*, 5 Ill.2d 365, 125 N.E.2d 510 (1955); *People v. Anderson*, 310 Ill. 389, 141 N.E. 727 (1923).) Similarly, failure to obey a traffic signal has been held insufficient by itself to prove recklessness. (*People v. Rowe*, 9 Ill.App.3d 460, 292 N.E.2d 432 (1972); *People v. Mowen*, 109 Ill.App. 2d 62, 248 N.E.2d 685 (1969).) The State cites *People v. Burch*, 19 Ill. App.3d 360, 311 N.E.2d 410 (1974), for the proposition that where the evidence supports the allegations contained in the complaint, the question whether the conduct proved was wilful or wanton is properly a question for the trier of fact. In *Burch*, however, the defendant not only exceeded the speed limit, but passed three cars at one time while small

children were present on the road side. His action also forced an oncoming car to leave the road. The instant case is clearly distinguishable.

■■ While there is no doubt that defendant committed an offense against the State of Illinois in failing to make a lawful stop at an intersection marked with a stop sign (Ill. Rev. Stat. 1973, ch. 95½, par. 11—904(b)), we cannot say as a matter of law that the commission of this offense is enough, by itself, to constitute "willful or wanton disregard for the safety of persons or property." Because no evidence was presented of aggravated circumstances which reasonably could be construed to endanger life or property, we are compelled to find that defendant was not proved guilty beyond a reasonable doubt of reckless driving.

The judgment of the Circuit Court of Pulaski County is reversed.

Reversed.

EBERSPACHER and G. MORAN, JJ., concur.