THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KEVIN L. TUELL, Defendant-Appellant.

Second District    No. 80-667

Opinion filed July 10, 1981.

NASH, J., dissenting.

Paul A. Logli and Peter B. Nolte, both of North, Òhlson, Logli, Boyd & Condon, of Rockford, for appellant.

Dennis Schumächer, State's Attorney, of Oregon (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HOPF delivered the opinion of the court:

Defendant appeals his conviction for reckless driving (Ill. Rev. Stat. 1979, ch. 95½, par. 11—503).

Defendant raises three issues: (1) that the State failed to produce sufficient evidence to support his conviction; (2) that, given that the State's witness was correct in her account, defendant's conduct did not constitute the offense of reckless driving; and (3) that the court erred in rejecting defendant's alibi evidence.

The sole witness to testify about the events for which defendant was convicted was the complaining witness. She testified that the incident took place in the business district of the town of Stillman Valley between 4:30 and 5 p.m. on December 14, 1979. The witness, about to cross in the middle of the block, noticed a car at the stop sign at the end of the block. She stated that she had time to cross and so started to walk across. The car

she had seen at the end of the block was moving towards her as she started to cross. It increased its speed as it came toward her and when it was five to eight feet from her she ran quickly to get out of its way. After she crossed the street she got a clear view of the driver as the car turned a corner.

On cross-examination she stated that although she had stepped out onto the street in the middle of the block the area was free of parked cars. She had reached the center of the street when the accelerating car came toward her. The car, she testified, came right down the center of the street about 30 mph, and she ran from it when it was five to eight feet from her. She added that she had a clear view of the driver and recognized him as defendant, who lived a few houses away from her.

The threshold question is whether the defendant was there at all, so we address the last issue first.

Defendant and his parents presented an alibi based upon the time that marked the end of defendant's working day and the amount of time it took for defendant to arrive home. According to a hand-written time card representing defendant's working hours in the family-owned business and testimony by defendant and his parents, he had worked until 4:30 p.m. Defendant and his parents further testified that he had arrived home in his father's truck no earlier than 4:50 p.m. They also testified that it was his practice to shower upon returning home; therefore, defendant argues, he could not have left the house in his car unless some time after 5 p.m. An examination of the parents' testimony reveals that they had based their statements more upon their familiarity with defendant's usual routine than upon specific recollection of the events of the afternoon in question.

■■■ Where a defendant presents alibi evidence that conflicts with evidence submitted by the State, it is for the trier of fact to resolve the conflict. (*People v. Garza* (1981), 92 Ill. App. 3d 723, 415 N.E.2d 1328.) It was held in *People v. Pickens* (1978), 63 Ill. App. 3d 857, 863, 380 N.E.2d 868, that "In weighing alibi testimony it must be remembered that it is sufficient if the defense raises a reasonable doubt of the presence of defendant at the time and place of the crime. 'The burden of proof was on the State to prove the defendant guilty of such offenses beyond a reasonable doubt.' [Citation.]" The trier of fact is not required to believe alibi testimony over positive identification of the accused, even though the alibi testimony may be given by a greater number of witnesses. (*People v. Setzke* (1961), 22 Ill. 2d 582, 177 N.E.2d 168; *People v. Pickens.*) A court of review will not disturb the finding by the trier of fact concerning alibi testimony unless that finding is unreasonable, improbable or unsatisfactory. *People v. Smith* (1977), 52 Ill. App. 3d 583, 367 N.E.2d 756, *cert. denied* (1978), 436 U.S. 961, 56 L. Ed. 2d 399, 98 S. Ct. 2228.

■■ The court believed the State's witness credible and obviously found defense testimony raised no reasonable doubt of defendant's guilt. Upon our review of all the testimony, we conclude that the trial court's rejection of defendant's alibi was not unreasonable, improbable or unsatisfactory.

Defendant also contends that the State failed to prove him guilty beyond a reasonable doubt, in that the State's evidence was insufficient and that the action attributed to him by the complaining witness did not constitute the offense of reckless driving.

Defendant argues that the State presented no evidence to corroborate the testimony of the complaining witness. He also contends that the evidence shows that he drove in the proper lane and, further, that the evidence does not show he exceeded the speed limit.

■■■ The sufficiency of eye-witness identification, the credibility of the witnesses, the weight to be given testimony and the inferences to be drawn from the testimony are matters within the province of the finder of fact. Only if evidence is so improbable that it raises a reasonable doubt of guilt will a reviewing court set aside a verdict. (*People v. Thomas* (1979), 72 Ill. App. 3d 28, 389 N.E.2d 1316.) Further, a conviction of reckless driving may be based solely on the testimony of a single witness. (*People v. Brady* (1974), 23 Ill. App. 3d 330, 318 N.E.2d 642; *People v. Burch* (1974), 19 Ill. App. 3d 360, 311 N.E.2d 410.) The trial court clearly found the complaining witness' testimony credible and sufficient to enable the court to determine what took place. We agree with this assessment. Defendant's contentions, that the evidence did not show that he had driven out of his proper lane, and that it did not show he had exceeded the speed limit, are without merit. First, the complaining witness had stated unequivocally that defendant had driven in the center of the two-way street. In addition, the statute does not specify exceeding the speed limit as a necessary element of the offense of reckless driving, and therefore the failure to prove the speed limit was not fatal to prosecution

■■ One commits reckless driving when he "drives any vehicle with a willful or wanton disregard for the safety of persons or property." (Ill. Rev. Stat. 1979, ch. 95½, par. 11—503.) Actual damage to persons or property is not necessary to a finding of guilt for this offense. (See *People v. Brady*; *People v. Burch*.) It is for the trier of fact to determine whether the allegations and the evidence constituted willful and wanton misconduct by defendant. *People v. Burch.*

■■ The evidence accepted by the trial court established that defendant accelerated from a stop with such speed that he approached to within a few feet of the witness, who was in the center of the street and who would have had sufficient time to cross safely at a normal pace had defendant driven more carefully. We think that to drive out of one's proper lane toward a pedestrian who is in clear view and in the center of the street so

as to force her to run out of the way shows willful disregard for the pedestrian's safety and amounts to reckless driving within the meaning of the statute.

For the foregoing reasons we affirm the judgment of the circuit court.

Affirmed.

LINDBERG, J., concurs.

Mr. JUSTICE NASH, dissenting:

I respectfully dissent. Reckless driving involves driving "with a willful or wanton disregard for the safety of persons or property" (Ill. Rev. Stat. 1979, ch. 95½, par. 11—503). The State's evidence consisted solely of testimony by the complaining witness, a 20-year-old woman who had no physical impairment which might affect her ability to walk. The witness stated she began to cross the street in the middle portion of the block, not protected by a cross-walk, stop sign or traffic light, and observed an automobile at the nearest stop sign 300 feet to her left. On direct examination she testified the car approached her in the center of the narrow driving lanes of the street and when she was in the center of the street it increased its speed and she moved to get out of the way. On cross-examination, however, she testified the car left the stop sign at an average rate of speed and "we were both about the same place in the street, about the side of the street * * *." There was no suggestion that the automobile ever exceeded the legal speed limit and the witness estimated its maximum speed at 30 miles per hour.

A finding of "recklessness" sufficient to support a reckless driving or reckless homicide conviction requires proof defendant acted with a conscious disregard for the safety of other persons or property constituting a gross deviation from the standard of care a reasonable person would exercise. (*People v. Ziegler* (1979), 78 Ill. App. 3d 490, 495; *People v. Chambers* (1972), 8 Ill. App. 3d 430, 434, *aff'd sub nom. People v. Todd* (1975), 59 Ill. 2d 534.) Not every act of negligence or violation of the traffic laws constitutes recklessness, as only conduct of a character evidencing an utter disregard for the safety of others meets the statutory definition. (*People v. Lynn* (1943), 385 Ill. 165, 168; *People v. Parr* (1971), 133 Ill. App. 2d 82, 87.) The evidence presented disclosed at most that a portion of defendant's automobile may have crossed the imaginary center line of a narrow street, while he was proceeding within the speed limit from a standing position at a stop sign, and moved to within five to eight feet of a woman who had been crossing the street at a point where no cross-walk or traffic control device made it proper for her to do so. Under

the circumstances, defendant's conviction for reckless driving cannot be sustained. See *People v. Burgard* (1941), 377 Ill. 322; *People v. Friesen* (1978), 58 Ill. App. 3d 180; *People v. Johnson* (1975), 30 Ill. App. 3d 974; compare *People v. Griffith* (1978), 56 Ill. App. 3d 747.

I would reverse.