THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL W. STROPOLI, Defendant-Appellant.

Second District   No. 2—85—0262

Opinion filed September 4, 1986.—Rehearing denied September 25,
1986.

Edward T. Graham, of Wheaton, for appellant.

James E. Ryan, State's Attorney, of Wheaton (Kenneth R. Boyle, of State's Attorneys Appellate Prosecutor, of Springfield, and William L. Browers and Andrea Becker, both of State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

PRESIDING JUSTICE NASH delivered the opinion of the court:

After a jury trial defendant, Michael W. Stropoli, was convicted of reckless driving (Ill. Rev. Stat. 1983, ch. 95½, par. 11—503) and sentenced to six months of court supervision and fined $50. He appeals, contending (1) the court erred in denying his motion to dismiss the complaint for failure to charge the necessary elements of reckless driving; (2) he was not proved guilty beyond a reasonable doubt; (3) the court erred in refusing to give defendant's tendered jury instructions; and (4) the court violated defendant's right to be present at all proceedings when it responded to jury questions outside the presence of defendant and his counsel.

On October 11, 1984, defendant, a 17-year-old high school student,

was driving his father's automobile westbound on Raven Lane when he approached a dead-end intersection with Thrasher Drive in a residential subdivision of Bloomingdale. Mrs. Janice Schumacher, who was doing yardwork outside her home, located at the southeast corner of the intersection, heard defendant's tires squealing and then saw defendant stop at the intersection. Cora Schumacher, her 3½-year-old daughter, was standing on a neighbor's front lawn on the northeast corner of the intersection approximately 10 feet north of Raven Lane.

Mrs. Schumacher testified defendant backed up a distance of approximately six car lengths at a fast rate while squealing his tires. Defendant then drove forward and made a wide right turn onto Thrasher Drive, again squealing his tires. While making the turn onto Thrasher Drive defendant's vehicle occupied a major portion of the road and the vehicle's left rear end slid or "fishtailed" as it turned the corner, causing the front end of the car to aim toward the child. Defendant then straightened the car and proceeded down Thrasher Drive. Mrs. Schumacher notified the Bloomingdale police, who arrested defendant shortly thereafter.

Defendant testified that as he approached the intersection at 20 miles per hour, he observed the child standing on the property to his right and stopped. He then backed up one car length, made a wide turn onto Thrasher Drive to avoid losing sight of the child, and proceeded northbound. Although defendant admitted the car wheels squealed, he denied the car fishtailed or pointed at the child.

Gerald Stropoli, defendant's father, testified the vehicle was equipped with a high performance differential, causing the wheels to rotate quickly and squeal when the vehicle is accelerating.

Officer Carolyn Vallas of the Bloomingdale police force testified the streets in that area of Bloomingdale have neither curbs nor sidewalks, but are bounded only by a small amount of gravel and the neighboring lawns. The blacktop streets have no lane markings and are approximately 20 to 25 feet across. The speed limit in that area is 25 miles per hour. Vallas stated defendant told her he had been driving 30 miles per hour on Raven Lane.

Prior to trial, defendant's motion to dismiss the complaint for failure to set forth a sufficient factual basis was denied by the court. The court also refused to submit jury instructions tendered by defendant which defined "willful and wanton conduct" and required the jury to conclude defendant's conduct constituted a "gross deviation" from the reasonable standard of care in order to find him guilty. During deliberations, the jury requested a legal definition of "wanton" and a dictionary. The court refused the requests without consulting or com-

municating with defendant or his counsel. After deliberations, the jury found defendant guilty and the court sentenced him to six months of court supervision and imposed a $50 fine. Defendant appeals.

Defendant first contends the court erred in denying his motion to dismiss the complaint because it failed to charge the necessary elements of the offense of reckless driving as required by section 111—3(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 111—2(a)). The purpose of section 111—3(a) is to inform the accused of the nature and elements of the offense against him so that he may prepare his defense and protect himself from a subsequent prosecution for the same offense. *People v. Smith* (1984), 99 Ill. 2d 467, 471, 459 N.E.2d 1357; *People v. Thompson* (1984), 125 Ill. App. 3d 665, 672, 466 N.E.2d 380, *appeal denied* (1984), 101 Ill. 2d 550; *People v. Puleo* (1981), 96 Ill. App. 3d 457, 463, 421 N.E.2d 367.

The offense of reckless driving is committed when one "drives any vehicle with a willful or wanton disregard for the safety of persons or property." (Ill. Rev. Stat. 1983, ch. 95½, par. 11—503(a).) Neither intoxication nor actual damage to persons or property are necessary elements of the offense. *People v. Cox* (1985), 130 Ill. App. 3d 1073, 1078, 475 N.E.2d 248; *People v. Tuell* (1981), 97 Ill. App. 3d 849, 852, 423 N.E.2d 954.

The complaint at issue here charged:

"Reckless driving in violation of Section 11—503 (a) of Chapter 95 ½ of the Illinois Revised Statutes of said State, in this to wit; that the said defendant drove a motor vehicle, a 1984, blue, chevrolet, IL, 85, LY7457, with a willful or wanton disregard for the safety of persons, specifically, Cora B. Schumacher, age 3 yrs., and property, in that Michael W. Stropoli drove his vehicle W/B on Raven Lane approaching Thrasher Lane at a high rate of speed. [He] drove the vehicle in reverse at a high rate of speed, squealing the tires, and then drove forward at a high rate of speed onto N/B Thrasher and driving in wrong lane."

Defendant argues the complaint is fatally defective because it fails to identify what property was threatened or define how his conduct threatened the safety of Cora Schumacher or such property.

■■ Although it is true the precise property threatened and the manner in which defendant's conduct threatened the safety of Cora Schumacher or such property are not particularized in the complaint, these details are not necessary to satisfy the requirements of section 111—3(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat.

1983, ch. 38, par. 111—3(a)). The test is whether, by the language used, a defendant is "apprised with reasonable certainty of the precise offense with which he or she is charged." (*People v. Graves* (1982), 107 Ill. App. 3d 449, 455, 437 N.E.2d 866; *People v. Miles* (1981), 96 Ill. App. 3d 721, 725, 422 N.E.2d 5.) The complaint here adequately informed defendant of the time, place and manner of his conduct which constituted the basis of the charge of reckless driving. The State is under no obligation to itemize each act of the accused surrounding the commission of the offense, but must merely allege all the necessary elements of the offense. *People v. Smith* (1983), 112 Ill. App. 3d 1033, 1036, 446 N.E.2d 260, *aff'd* (1984), 99 Ill. 2d 467, 459 N.E.2d 1357; Ill. Rev. Stat. 1983, ch. 38, par. 111—3(a).

Defendant cites *People v. Johnson* (1975), 30 Ill. App. 3d 974, 333 N.E.2d 258, for the proposition that a charge of reckless driving requires the presence of "aggravated circumstances which reasonably could be construed to endanger life or property." (30 Ill. App. 3d 974, 976, 333 N.E.2d 258.) However, that case involved the sufficiency of the evidence to prove the accused's guilt beyond a reasonable doubt; the court did not find it necessary to discuss the sufficiency of the complaint. Moreover, unlike the complaint in Johnson, the present complaint specifically alleged the presence of a young child in the immediate vicinity which formed the basis of the charge.

We conclude the complaint adequately informed defendant with reasonable certainty of the necessary elements of the specific offense with which he was charged such that he was able to prepare his defense and protect himself against subsequent prosecution. See *People v. Parr* (1970), 130 Ill. App. 2d 212, 264 N.E.2d 850.

Defendant also contends the evidence at trial was insufficient to prove him guilty beyond a reasonable doubt, arguing that the State failed to show his conduct actually endangered or threatened the safety of Cora Schumacher or any property.

■ From our review of the record, we find there was sufficient evidence to prove defendant's conduct threatened the safety of Cora Schumacher and the nearby residential property. Mrs. Schumacher testified defendant rapidly backed his vehicle six car lengths for no apparent reason, squealing his tires in the process. He then made a wide turn around the corner at a fast rate, causing the car to "fishtail" to the left and take up a major portion of the road. A result of defendant's conduct was that the vehicle pointed directly at Cora Schumacher, a 3½-year-old child. Although defendant disputes this version of the facts, the credibility of witnesses is uniquely a matter for the trier of fact to determine and its judgment will not be set

aside lightly. (*People v. Pittman* (1982), 93 Ill. 2d 169, 175, 442 N.E.2d 836; *People v. Bergman* (1984), 121 Ill. App. 3d 100, 107, 458 N.E.2d 1370, *appeal denied* (1984), 99 Ill. 2d 530.) A jury's verdict of guilty will not be disturbed unless the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt. (*People v. Holloway* (1985), 131 Ill. App. 3d 290, 309, 475 N.E.2d 915, *appeal denied* (1985), 108 Ill. 2d 579; *People v. Steffens* (1985), 131 Ill. App. 3d 141, 147, 475 N.E.2d 606, *appeal denied* (1985), 106 Ill. 2d 559.) In our view, the evidence offered, if believed by the jury, amply supported the State's argument that defendant's conduct threatened the safety of Cora Schumacher and was sufficient to establish defendant's guilt of the offense beyond a reasonable doubt.

█ Defendant next contends that the trial court erred in refusing certain instructions tendered by defendant. Instruction No. 4 stated:

> "To find the defendant guilty of reckless driving requires the State to prove beyond a reasonable doubt that the defendant's conduct at the time and place charged was a gross deviation from the standards of care a reasonable person would exercise under the same circumstances."

This instruction is based upon language contained in the dissenting opinion of *People v. Tuell* (1981), 97 Ill. App. 3d 849, 853, 423 N.E.2d 954. Although the instruction is a correct statement of the law based upon section 4—6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 4—6), the decision whether to give a non-pattern jury instruction (Illinois Pattern Jury Instructions (IPI)) is within the discretion of the trial court. (*People v. Peebles* (1984), 125 Ill. App. 3d 213, 217, 465 N.E.2d 539, *appeal denied* (1984), 101 Ill. 2d 574; *People v. Barnes* (1983), 117 Ill. App. 3d 965, 975, 453 N.E.2d 1371, *appeal denied* (1983), 101 Ill. 2d 568.) A non-IPI instruction should be given only when there is no pattern instruction which accurately states the applicable law. *People v. Matthews* (1984), 126 Ill. App. 3d 710, 713-14, 467 N.E.2d 996; *People v. Stamps* (1982), 108 Ill. App. 3d 280, 298-99, 438 N.E.2d 1282, *appeal denied* (1982), 92 Ill. 2d 571.

█ Here, the jury was provided with a proper instruction defining recklessness based upon the statutory definition of recklessness (Ill. Rev. Stat. 1983, ch. 38, par. 4—6) and Illinois Pattern Jury Instruction, Criminal, No. 5.01 (2d ed. 1981), which stated:

> "To find the defendant guilty of 'recklessness' sufficient to support a reckless driving charge requires the State to prove beyond a reasonable doubt that the defendant acted in conscious disregard for the safety of other persons or property."

As this instruction accurately and sufficiently defines the term of "recklessness," we find the court did not abuse its discretion in refusing to give defendant's tendered instruction No. 4 to the jury.

Defendant also tendered his instructions Nos. 7 and 8, defining "willful and wanton conduct," which provided:

> (7) "When I use the expression 'wilful and wanton conduct' I mean a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others."

> (8) "When I use the expression 'wilful and wanton conduct' I mean a course of action which shows an utter indifference to or conscious disregard for the safety of others."

The basis of the two instructions was Illinois Pattern Jury Instruction, Civil, No. 14.01 (2d ed. 1971), and the court rejected the instructions on the ground that they were civil rather than criminal IPI instructions.

We conclude the trial court did not err in rejecting these instructions. Section 4—6 of the Criminal Code of 1961 states, "[a]n act performed recklessly is performed wantonly, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning." (Ill. Rev. Stat. 1983, ch. 38, par. 4—6.) This directive permits the use of an instruction defining recklessness to serve as a definition of wantonness. As an IPI criminal instruction defining recklessness was given to the jury, additional IPI civil instructions defining "willful and wanton" behavior were not required. Furthermore, defendant's tendered instructions require a finding by the jury of an actual or deliberate intention to harm or an utter indifference to the safety of others, requirements which do not appear to be contemplated in the IPI criminal instruction defining recklessness. We conclude that the trial court did not abuse its discretion in refusing the additional civil instructions offered by defendant.

■ Defendant also argues that the trial court erred in giving the State's tendered instruction No. 8, which states:

> "A person commits the offense of reckless driving when he drives any vehicle with a willful or wanton disregard for the safety of persons or property."

He asserts this instruction refers to a threat to the safety of property and there was no evidence that property was endangered. We find no merit to this argument as the evidence demonstrated Cora Schumacher, who was threatened by defendant's conduct, was standing on residential property at that time. There was evidence that defendant's conduct was in disregard for the safety of both persons and property.

Defendant finally contends the trial judge erred by communicating with the jury outside the presence of defendant and his counsel. In response to the jury's request during its deliberations for the legal definition of "wanton," the judge responded, "[t]he jury instructions are the only legal definitions that you may have." The jury then asked, "[m]ay we have a dictionary?" and the judge answered, "[n]o."

■ It is well established that any judgment based upon a communication between the court and jury during deliberations, unless made in open court, violates the accused's right to be present and participate in every stage of the proceedings. (*Parker v. Gladden* (1966), 385 U.S. 363, 364-65, 17 L. Ed. 2d 420, 422-23, 87 S. Ct. 468, 469-70; *Jenkins v. United States* (1965), 380 U.S. 445, 446, 13 L. Ed. 2d 957, 959, 85 S. Ct. 1059, 1060; *People v. Rhoden* (1981), 101 Ill. App. 3d 223, 226, 427 N.E.2d 1292.) However, such communications are not conclusively prejudicial; defendant must establish that the conduct involved "such a probability that prejudice will result that it is [to be] deemed inherently lacking in due process." *People v. Tobe* (1971), 49 Ill. 2d 538, 544, 276 N.E.2d 294, citing *Estes v. Texas* (1965), 381 U.S. 532, 542-43, 14 L. Ed. 2d 543, 550, 85 S. Ct. 1628, 1633.

■ In the present case, the trial judge correctly and appropriately responded to the jury's questions and did not supply the jury with further instructions or unapproved materials. As we stated in *People v. Jedlicka* (1980), 84 Ill. App. 3d 483, 405 N.E.2d 844, it is not error for a trial court to simply admonish the jury to follow the instructions provided them. We also there expressed our belief that the trial judge should not provide a dictionary to a jury experiencing difficulties reaching a verdict. (84 Ill. App. 3d 483, 492, 405 N.E.2d 844.) Another case involving parallel circumstances is *People v. Rhoden* (1981), 101 Ill. App. 3d 223, 225-26, 427 N.E.2d 1292, where the jury requested a magnifying glass and the trial judge responded, "[n]one available." Just as that trial court's denial of the jury's request was determined to be nonprejudicial to the accused's sixth amendment right to be present during all proceedings, we consider that the trial court's conduct did not prejudice the defendant in the present case.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HOPF and STROUSE, JJ., concur.