NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 240818-U

NO. 4-24-0818

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 11, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Henderson County |
| EMILY R. JOHNSON, | ) | No. 23CF8 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James G. Baber, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Zenoff and Grischow concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court (1) affirmed defendant's convictions, finding the trial court did not err in finding defendant guilty of reckless homicide, and (2) vacated defendant's probation conditions prohibiting her from consuming alcohol and cannabis, as defendant was not admonished of her right to be sentenced under a favorable amendment to the sentencing statute.

¶ 2   In March 2023, the State charged defendant, Emily R. Johnson, with two counts of reckless homicide (720 ILCS 5/9-3(a) (West 2022)) and two counts of aggravated unlawful use of an electronic communication device (625 ILCS 5/12-610.2(b-5) (West 2022)). After a bench trial, the trial court found defendant guilty of the charged offenses, merged the aggravated unlawful use of an electronic communication device convictions with the reckless homicide convictions, sentenced defendant to 90 days in jail and 30 months' probation, imposed a $5,000 fine, ordered her to participate in at least 10 speaking engagements regarding distracted driving,

and prohibited her from consuming "illegal drugs, controlled substance, alcohol, or cannabis." Defendant appeals, arguing the court erred (1) by finding her conduct reckless rather than negligent and (2) by not admonishing her of her choice to elect a more favorable sentence under a statutory change. We affirm defendant's convictions for reckless homicide and vacate the probation conditions ordering her to refrain from consuming alcohol and cannabis.

¶ 3                                  I. BACKGROUND

¶ 4          On March 10, 2023, the State charged defendant by information with two counts of reckless homicide (720 ILCS 5/9-3(a) (West 2022)) and two counts of aggravated unlawful use of an electronic communication device (625 ILCS 5/12-610.2(b-5) (West 2022)). The information alleged defendant performed acts likely to cause death or great bodily harm when she drove her vehicle "at a speed which was greater than was reasonable and proper with regard to the existing traffic conditions and the safety of persons properly upon the roadway, and did so while using an electronic communication device," which resulted in her vehicle striking and killing Pearson Franklin and Andrew Whitcomb. Defendant waived her right to a jury trial, and the matter proceeded to a stipulated bench trial on January 16, 2024.

¶ 5          The parties stipulated Officer Christopher Chiprez of the Burlington Police Department would testify he was dispatched to the Great River Bridge at approximately 7:52 a.m. on October 18, 2022, where he observed a vehicle with severe damage to its hood, front bumper, and front windshield. Three orange safety barrels had been erected to block one lane of traffic, but one of the barrels had been knocked over. Two construction hard hats were lying in the road. Two construction company vehicles were parked on the right side of the bridge, partially off the road. The vehicles had activated amber and white light fixtures on their roofs. One of the vehicles had a trailer containing several orange cones and barrels.

¶ 6          Two white males wearing orange vests—Franklin and Whitcomb—were lying motionless in the middle of the road roughly 20 feet away from the vehicle, neither of whom appeared to be breathing. Defendant was sitting on the ground next to the vehicle, crying hysterically. She told Chiprez, "I was on the phone. It was my fault." When Chiprez asked what happened, defendant said she was "looking at something on her phone" and "[w]hen she looked up at the last minute, she saw the two workers standing in the roadway and she struck them." Franklin and Whitcomb were taken to a nearby hospital, where they died at approximately 8:32 a.m. and 8:40 a.m., respectively. Dr. Dennis F. Klein would testify he autopsied Franklin and Whitcomb, and in his professional opinion, both men died from "multiple blunt force injuries" consistent with a high energy impact from a motor vehicle.

¶ 7          Jacob Miller of the Illinois State Police would testify as an expert in the field of traffic crash reconstruction. Miller would testify that, during his investigation, he learned Franklin and Whitcomb were hired by the City of Burlington, Iowa, to conduct maintenance on the lighting systems across United States Route 34 on the Great River Bridge. Franklin and Whitcomb's vehicles were parked on the right side of the road, partially on the shoulder, with their white and amber lights activated. Franklin and Whitcomb were in the process of setting up a temporary roadway closure when they were struck by defendant's vehicle. Prior to the collision, Franklin and Whitcomb had placed three orange barrels in the right lane in a taper, indicating traffic must merge to the left. The posted speed limit at the site was 55 miles per hour, it was daylight when the collision occurred, and all painted lane lines were visible. Franklin and Whitcomb were wearing helmet-mounted lights and high-visibility orange reflective vests, with reflective white strips on the front and back of the vests, when the collision occurred.

¶ 8          Miller found no discernable preimpact tire marks leading to the collision site, but

- 3 -

defendant's vehicle created a visible postimpact tire mark, which indicated defendant did not brake until after impact. According to the crash data retrieval report, during the five seconds prior to the collision, defendant's vehicle reduced speed from 73 to 70 miles per hour, but its engine throttle increased from 29% to 38%. The vehicle's brakes were not engaged during the five seconds preceding the collision. This data suggested defendant increased the throttle to compensate for a loss in speed due to the bridge's upward incline. It was Miller's expert opinion the throttle increase "would also suggest" defendant "may not have perceived a lane closure or hazard in the roadway and was accelerating due to the vehicle losing speed."

¶ 9 A search of defendant's cell phone showed "extensive use" during the minutes leading up to the collision, including "actively receiving and sending chats and pictures via the application Snapchat."

¶ 10 On March 15, 2024, the trial court found defendant guilty of both counts of reckless homicide and both counts of aggravated unlawful use of an electronic device. In doing so, the court emphasized defendant traveled at approximately 70 miles per hour in a 55 miles per hour zone when the collision occurred, she did not apply her vehicle's brakes at all during the five seconds immediately before the impact, her vehicle "was in fact accelerating at the time of impact," there were no skid marks created by her vehicle before the impact, she admitted to using her phone either at the time of the impact or immediately prior, and her phone records indicated "she was on and off of her phone for several minutes prior to impact." The court concluded, "In summary, Defendant was speeding and not paying attention to the road for at least 500 feet prior to striking Mr. Franklin and Mr. Whitcomb."

¶ 11 On April 15, 2024, defendant filed a motion to reconsider, which the trial court denied. During the sentencing hearing on May 9, 2024, the court merged defendant's convictions

for aggravated unlawful use of an electronic device with her reckless homicide convictions and sentenced her to 90 days in jail, followed by 30 months' probation, and imposed a $5,000 fine. As a condition of probation, the court ordered defendant not to consume "illegal drugs, controlled substances, alcohol, or cannabis." The court also ordered defendant to participate in at least 10 speaking engagements regarding distracted driving.

¶ 12        This appeal followed.

¶ 13                              II. ANALYSIS

¶ 14        Defendant argues (1) the trial court erred in finding her guilty of reckless homicide because her conduct did not constitute recklessness and (2) she was denied the opportunity to elect to be sentenced under the new, more favorable sentencing statute. The State argues the evidence supports defendant's reckless homicide convictions but concedes defendant's second issue. We affirm defendant's convictions and vacate the probation conditions prohibiting her from consuming alcohol and cannabis.

¶ 15                           A. Standard of Review

¶ 16        The State must demonstrate a criminal defendant's guilt by proving every element of the charged offense beyond a reasonable doubt. See *People v. Brown*, 2013 IL 114196, ¶ 48. "Where a criminal conviction is challenged based on insufficient evidence, a reviewing court, considering all of the evidence in the light most favorable to the prosecution, must determine whether any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime." *Brown*, 2013 IL 114196, ¶ 48. "[A] reviewing court will not substitute its judgment for that of the trier of fact on issues involving the weight of the evidence or the credibility of the witnesses." *Brown*, 2013 IL 114196, ¶ 48. "[A] criminal conviction will be reversed where the evidence is so unreasonable, improbable, or unsatisfactory as to justify a

reasonable doubt of the defendant's guilt." *Brown*, 2013 IL 114196, ¶ 48.

¶ 17    Defendant contends we should apply *de novo* review because she argues on appeal the undisputed facts below were insufficient to prove beyond a reasonable doubt she acted recklessly and, therefore, only her convictions for aggravated unlawful use of an electronic device should stand. See *People v. Smith*, 191 Ill. 2d 408, 411 (2000) ("Because the facts are not in dispute, defendant's guilt is a question of law, which we review *de novo*."); see also *People v. Hutt*, 2023 IL 128170, ¶ 41 (applying *de novo* review where defendant's challenge raised an issue of statutory interpretation rather than a credibility question); *In re Ryan B.*, 212 Ill. 2d 226, 231 (2004) ("Because respondent's challenge *** does not question the credibility of the witnesses, but instead questions whether the uncontested facts were sufficient to prove the elements of sexual exploitation of a child, our review is *de novo*."). However, long-standing Illinois case law establishes "[w]hether the given conduct is 'reckless' for the purpose of finding a driver guilty of reckless homicide is a factual question for the trier of fact to decide." *People v. Reding*, 191 Ill. App. 3d. 424, 449 (1989); see *People v. Grunin*, 2022 IL App (1st) 200598, ¶ 51; *People v. Gittings*, 136 Ill. App. 3d 655, 659 (1985).

¶ 18    The Illinois Supreme Court addressed the same argument in *People v. Jones*, 2023 IL 127810, ¶¶ 20-28, where the defendant asserted *de novo* review applied because the facts were undisputed. The supreme court distinguished the cases upon which the defendant relied, finding *de novo* review was appropriate in those cases because statutory interpretation was required. *Jones*, 2023 IL 127810, ¶¶ 22-25. Conversely, as to the defendant's specific case, the supreme court found "the question of whether [the] defendant knowingly possessed the ammunition in this case was a question of fact, rather than a question of statutory interpretation." *Jones*, 2023 IL 127810, ¶ 27. The supreme court concluded Illinois courts "ha[ve] long

- 6 -

recognized that the question of whether a defendant had knowledge is 'one of fact and is for the jury, or for the court where a jury is waived.' " *Jones*, 2023 IL 127810, ¶ 27 (quoting *People v. Embry*, 20 Ill. 2d 331, 334 (1960)). The supreme court proceeded to review the defendant's challenge to the sufficiency of the evidence to determine whether "any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Jones*, 2023 IL 127810, ¶ 28.

¶ 19        Here, while section 4-6 of the Criminal Code of 2012 (Code) (720 ILCS 5/4-6 (West 2022)) states a person acts recklessly when he or she "consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, *** and that disregard constitutes a gross deviation from the standard of care that a reasonable person would exercise in the situation," we need not engage in statutory interpretation because Illinois case law has long held the determination regarding whether a defendant's conduct constituted recklessness "for the purpose of finding a driver guilty of reckless homicide is a fact question for the trier of fact to decide." *People v. Dunnegan*, 151 Ill. App. 3d 973, 982 (1987). "It is equally well established that our standard of review is one of great deference to the trier of fact; it is not our function to retry the defendant." *People v. Smith*, 318 Ill. App. 3d 64, 73 (2000). Therefore, we follow our supreme court's example and review the evidence to determine whether any rational trier of fact could have found the State proved defendant guilty of reckless homicide beyond a reasonable doubt. See *Jones*, 2023 IL 127810, ¶ 28.

¶ 20                              B. Reckless Homicide

¶ 21        A defendant commits reckless homicide under section 9-3(a) of the Code by driving a motor vehicle and "unintentionally kill[ing] an individual without lawful justification *** if [her] acts *** are likely to cause death or great bodily harm to some individual, and [she]

performs them recklessly." 720 ILCS 5/9-3(a) (West 2022). "Recklessness may be inferred from all the facts and circumstances in the record." *People v. Barham*, 337 Ill. App. 3d 1121, 1127 (2003). Illinois case law recognizes three categories of reckless driving: (1) "the commission of multiple traffic offenses which together demonstrate the driver's willful and wanton disregard for the safety of persons and property," (2) "a driver's conscious disregard for the particular surroundings and circumstances that rises to the level of willfulness and wantonness," and (3) "where willful and wanton conduct is based, in part, upon the driver's intoxication or impaired state." *People v. Paarlberg*, 243 Ill. App. 3d 731, 735-36 (1993). While speed alone is not always sufficient to demonstrate recklessness, "speed combined with other circumstances which indicate a conscious disregard of a substantial risk likely to cause death or great bodily harm to others is sufficient." *People v. Markley*, 2013 IL App (3d) 120201, ¶ 28; see *People v. McDermott*, 141 Ill. App. 3d 996, 1008 (1985) (finding the defendant committed reckless homicide by traveling at 71 miles per hour in a 50 miles per hour zone and crossing over the center line into oncoming traffic); *People v. Brady*, 23 Ill. App. 3d 330, 331 (1974) (finding the defendant's conduct reckless where he drove 50 miles per hour in a residential district while "crossing from the right side to the left side of the road and back"); *People v. Baier*, 54 Ill. App. 2d 74, 76-78 (1964) (finding the defendant committed reckless homicide by speeding and failing to stop at an intersection).

¶ 22        The trial court did not err in finding the State proved defendant guilty of reckless homicide beyond a reasonable doubt. Defendant committed multiple traffic offenses, which demonstrated a disregard for the substantial and unjustifiable risk to the lives of Franklin and Whitcomb and constituted a gross deviation from the reasonable standard of care. See *Paarlberg*, 243 Ill. App. 3d at 735; *Markley*, 2013 IL App (3d) 120201, ¶ 28; 720 ILCS 5/4-6 (West 2022).

The evidence showed defendant was using her cell phone while driving when she struck Franklin and Whitcomb, both of whom died from their resulting injuries. Defendant's vehicle was traveling at approximately 70 miles per hour in a 55 miles per hour zone, and its throttle increased during the five seconds prior to impact. Franklin and Whitcomb were construction workers tasked with creating a maintenance zone, and they had erected three orange construction barrels tapering off the road's right lane when the collision occurred. Franklin and Whitcomb were wearing helmet-mounted lights and high-visibility orange reflective vests. Two construction vehicles were parked nearby, both of which had flashing amber and white lights on their roofs. Based on the evidence presented, a rational trier of fact could have found the State proved defendant's conduct was reckless beyond a reasonable doubt and, therefore, she committed reckless homicide. See *Jones*, 2023 IL 127810, ¶ 28; *Brown*, 2013 IL 114196, ¶ 48. Accordingly, we affirm defendant's convictions for reckless homicide, as the evidence is not "so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of the defendant's guilt." *Brown*, 2013 IL 114196, ¶ 48.

¶ 23                                             C. Sentencing

¶ 24            Defendant argues the trial court erred by ordering her to refrain from consuming alcohol or cannabis during sentencing, which occurred after section 5-6-3 of the Unified Code of Corrections was amended to preclude trial courts from imposing such prohibitions on defendants 21 years of age or older when their offenses were not related to the consumption of those substances. See Pub. Act 103-391, § 5-6-3(m) (eff. Jan. 1, 2024) (amending 730 ILCS 5/5-6-3). The State concedes the issue, acknowledging defendant had the right to elect to be sentenced under the new, more favorable sentencing provision, per section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2022)). While defendant did not preserve this argument for appellate review,

the second prong of the plain error doctrine permits us to consider unpreserved arguments "where the error is so serious that the defendant was denied a substantial right *** in order to preserve the integrity of the judicial process." *People v. Herron*, 215 Ill. 2d 167, 179 (2005).

¶ 25 We accept the State's concession. The amendment in question took effect on January 1, 2024, while defendant was found guilty on March 15, 2024, and sentenced on May 9, 2024. Thus, defendant had the right to be sentenced under the amended sentencing statute. See 5 ILCS 70/4 (West 2022); *People v. Hollins*, 51 Ill. 2d 68, 71 (1972). However, the trial court sentenced defendant under the earlier version of the statute without admonishing defendant and obtaining her express waiver of this right, which constitutes a denial of due process. See *People v. Gancarz*, 228 Ill. 2d 312, 317 (2008). Per the parties' agreement, we vacate the imposed probation conditions prohibiting defendant from consuming alcohol and cannabis in the interest of judicial efficiency, as defendant complained only of these conditions and would obviously elect to be sentenced under the more favorable amendment and its more lenient probation conditions. See *People v. Osborn*, 111 Ill. App. 3d 1078, 1085 (1983).

¶ 26 III. CONCLUSION

¶ 27 For the foregoing reasons, we affirm defendant's convictions for reckless homicide and vacate the probation conditions prohibiting defendant from consuming alcohol and cannabis.

¶ 28 Affirmed in part and vacated in part.

- 10 -